◼ EMIGRANT BANK, Respondent, v ESTATE OF MAURICE ROBINSON et al., Appellants, et al., Defendants. [44 NYS3d 48]—

In an action to foreclose a mortgage, the defendants Estate of Maurice Robinson and Ricardo Robinson, as Administrator of the Estate of Maurice Robinson, appeal from an order of the Supreme Court, Kings County (Silber, J.), dated November 13, 2014, which granted the plaintiff's motion pursuant to CPLR 306-b for an extension of time within which to effect service upon them, and denied their cross motion pursuant to CPLR 3211 (a) and CPLR 306-b to dismiss the complaint insofar as asserted against them.

Ordered that the order is affirmed, with costs.

Subsequent to commencing this mortgage foreclosure action, the plaintiff made two successive motions for extensions of time within which to effect service upon the defendants Estate of Maurice Robinson and Ricardo Robinson, as administrator of the Estate of Maurice Robinson (hereinafter together the Robinson defendants), pursuant to CPLR 306-b. The Robinson defendants opposed each motion for an extension, and cross-moved pursuant to CPLR 3211 (a) and CPLR 306-b to dismiss the complaint insofar as asserted against them in response to the plaintiff's second motion. The Supreme Court granted the plaintiff's motion for a second extension and denied the Robinson defendants' cross motion. The Robinson defendants appeal.

Pursuant to CPLR 306-b, a court may, in the exercise of its sound discretion, grant a motion for an extension of time within which to effect service for good cause shown or in the interest of justice (*see Leader v Maroney, Ponzini & Spencer*, 97 NY2d 95 [2001]; *Bumpus v New York City Tr. Auth.*, 66 AD3d 26 [2009]). Good cause requires a showing of reasonable diligence in attempting to effect service (*see Bumpus v New York City Tr. Auth.*, 66 AD3d at 31-32), while the broader interest of justice ground allows the court to balance a number of relevant factors in reaching its determination (*see Leader v Maroney, Ponzini & Spencer*, 97 NY2d at 105-106).

Contrary to the Robinson defendants' contentions, the plaintiff's submission of detailed affidavits of due diligence, affidavits of attempted service, and evidence of various records searches demonstrated its substantial efforts to locate and serve the Robinson defendants, and established the requisite reasonable diligence to warrant the granting of an extension for good cause (*see e.g. Henneberry v Borstein*, 91 AD3d 493, 496 [2012]). In any event, the plaintiff also satisfied the interest of justice ground for an extension by demonstrating its

diligent prosecution of the action, the Robinson defendants' actual notice of the controversy, the existence of a potentially meritorious claim, and the lack of any prejudice to the Robinson defendants as a consequence of the delay in service (*see e.g. Rivera v Rodriguez*, 142 AD3d 657, 658 [2016]; *Jhang v Nassau Univ. Med. Ctr.*, 140 AD3d 1018, 1019-1020 [2016]; *Kuwano v Linares*, 133 AD3d 573, 574 [2015]; *Dhuler v ELRAC, Inc.*, 118 AD3d 937, 939 [2014]; *Bumpus v New York City Tr. Auth.*, 66 AD3d at 36-37).

Accordingly, the Supreme Court providently exercised its discretion in granting the plaintiff's motion for a second extension and in denying the Robinson defendants' cross motion to dismiss the complaint insofar as asserted against them. Leventhal, J.P., Miller, LaSalle and Brathwaite Nelson, JJ., concur.