HSBC Bank USA, N.A. v Tarek Oqlah (2018 NY Slip Op 05451)





HSBC Bank USA, N.A. v Tarek Oqlah


2018 NY Slip Op 05451


Decided on July 25, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 25, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
SYLVIA O. HINDS-RADIX
HECTOR D. LASALLE
VALERIE BRATHWAITE NELSON, JJ.


2016-03020
2016-09927
 (Index No. 503099/15)

[*1]HSBC Bank USA, N.A., etc., respondent, 
v
Tarek Oqlah, appellant, et al., defendants.


Tsyngauz & Associates, P.C., New York, NY (Yevgeny Tsyngauz and Simon I. Malinowski of counsel), for appellant.
Hogan Lovells US LLP, New York, NY (David Dunn, Chava Brandriss, and Ryan Sirianni of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Tarek Oqlah appeals from (1) an order of the Supreme Court, Kings County (Lawrence Knipel, J.), dated February 24, 2016, and (2) an order of the same court (Noach Dear, J.), dated September 15, 2016. The order dated February 24, 2016, granted the plaintiff's motion pursuant to CPLR 306-b to extend the time to serve the summons and complaint on the defendant Tarek Oqlah to the extent of granting the plaintiff a 60-day extension, and denied that defendant's motion pursuant to CPLR 306-b to dismiss the complaint insofar as asserted against him. The order dated September 15, 2016, denied that defendant's motion pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against him for lack of personal jurisdiction and granted the plaintiff's cross motion pursuant to CPLR 306-b to deem service of the summons and complaint on that defendant timely, nunc pro tunc.
ORDERED that the orders are affirmed, with one bill of costs.
Subsequent to commencing this mortgage foreclosure action, the plaintiff moved pursuant to CPLR 306-b to extend the time to serve the summons and complaint on the defendant Tarek Oqlah (hereinafter the defendant), and the defendant moved pursuant to CPLR 306-b to dismiss the complaint insofar as asserted against him. In an order dated February 24, 2016, the Supreme Court granted the plaintiff's motion to the extent that the plaintiff was granted a 60-day extension, and denied the defendant's motion. On April 26, 2016, one day after the 60-day extension expired, the defendant moved pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against him for lack of personal jurisdiction. The plaintiff cross-moved pursuant to CPLR 306-b to deem service of the summons and complaint on the defendant on April 30, 2016, timely, nunc pro tunc. In an order dated September 15, 2016, the Supreme Court denied the defendant's motion and granted the plaintiff's cross motion. The defendant appeals from both orders, and we affirm.
"Pursuant to CPLR 306-b, a court may, in the exercise of its sound discretion, grant [*2]a motion for an extension of time within which to effect service for good cause shown or in the interest of justice. Good cause requires a showing of reasonable diligence in attempting to effect service, while the broader interest of justice ground allows the court to balance a number of relevant factors in reaching its determination" (Emigrant Bank v Estate of Robinson, 144 AD3d 1084, 1085 [citations omitted]; see Leader v Maroney, Ponzini & Spencer, 97 NY2d 95). In determining whether an extension of time is warranted in the interest of justice, a court may consider diligence, or lack thereof, along with any other relevant factor, including the expiration of the statute of limitations, the meritorious nature of the cause of action, the length of delay in service, the promptness of a plaintiff's request for the extension of time, and prejudice to the defendant (see A.K. v T.K., 150 AD3d 1091, 1093; Emigrant Bank v Estate of Robinson, 144 AD3d at 1085).
We agree with the Supreme Court's determination granting, in the interest of justice, the plaintiff's first motion to extend the time to complete service on the defendant and denying the defendant's motion pursuant to CPLR 306-b to dismiss the complaint insofar as asserted against him (see US Bank N.A. v Saintus, 153 AD3d 1380, 1381-1382; Emigrant Bank v Estate of Robinson, 144 AD3d at 1085). The plaintiff demonstrated the existence of a potentially meritorious action, that it promptly moved for relief following the expiration of the 120-day period, and that there was no identifiable prejudice to the defendant as a consequence of the delay in service.
We also agree with the Supreme Court's determination granting the plaintiff's subsequent cross motion to deem the service on the defendant on April 30, 2016, timely, nunc pro tunc, and denying the defendant's motion pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against him. The plaintiff demonstrated that it made the requisite reasonably diligent efforts to effect proper service within the 60-day extended period, thereby warranting a further extension for good cause (see Emigrant Bank v Estate of Robinson, 144 AD3d at 1085; cf. Hobbins v North Star Orthopedics, PLLC, 148 AD3d 784, 788). The plaintiff also demonstrated that proper service was effected only five days past the expiration of the 60-day extension, the existence of a potentially meritorious action, and no identifiable prejudice to the defendant as a consequence of the delay in service (see Umana v Sofola, 149 AD3d 1138, 1139-1140; Emigrant Bank v Estate of Robinson, 144 AD3d at 1085; Fernandez v Morales Bros. Realty, Inc., 110 AD3d 676, 677; Thompson v City of New York, 89 AD3d 1011, 1012). The defendant's contention that the April 30, 2016, service upon him was ineffective is without merit because the defendant failed to sufficiently rebut the presumption of proper service established by the process server's affidavit. No hearing was warranted under the facts of this case (see HSBC Bank USA, N.A. v Whitter, 159 AD3d 942, 945; Nationstar Mtge., LLC v Kamil, 155 AD3d 966, 967; Wells Fargo Bank, N.A. v Decesare, 154 AD3d 717, 718; Washington Mut. Bank v Huggins, 140 AD3d 858, 859).
RIVERA, J.P., HINDS-RADIX, LASALLE and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court