Wilmington Sav. Fund Socy., FSB v James (2019 NY Slip Op 05807)





Wilmington Sav. Fund Socy., FSB v James


2019 NY Slip Op 05807


Decided on July 24, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 24, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
LEONARD B. AUSTIN
JEFFREY A. COHEN
JOSEPH J. MALTESE, JJ.


2016-11148
 (Index No. 512312/15)

[*1]Wilmington Savings Fund Society, FSB, etc., appellant,
v
Patrick James, respondent, et al., defendants.


Knuckles, Komosinski & Manfro, LLP, Fishkill, NY (Louis A. Levithan of counsel), for appellant.
Ann C. Northern, Brooklyn, NY, for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Kings County (Harriet L. Thompson, J.), dated July 22, 2016. The order, insofar as appealed from, in effect, denied that branch of the plaintiff's motion which was pursuant to CPLR 306-b to extend the time for service upon the defendant Patrick James of the summons and complaint, denied, as academic, that branch of the plaintiff's motion which was pursuant to CPLR 315 and 316 to permit service on that defendant by publication or, in effect, pursuant to CPLR 308(5) to permit service as otherwise directed by the court, and granted that defendant's motion pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against him for lack of personal jurisdiction.
ORDERED that the order is reversed insofar as appealed from, on the facts and in the exercise of discretion, with costs, that branch of the plaintiff's motion which was pursuant to CPLR 306-b to extend the time for service upon the defendant Patrick James of the summons and complaint is granted, the motion of the defendant Patrick James pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against him is denied, and the matter is remitted to the Supreme Court, Kings County, for a determination of that branch of the plaintiff's motion which was pursuant to CPLR 315 and 316 to permit service on the defendant Patrick James by publication or, in effect, pursuant to CPLR 308(5) to permit service as otherwise directed by the court.
On December 13, 1995, the defendants Patrick James and Loris R. Townsend executed a note in the amount of $70,000 secured by a mortgage on real property located at 983 Saint Johns Place in Brooklyn. On October 9, 2015, the plaintiff, as the successor in interest to the holder of the note and mortgage, commenced this action to foreclose the mortgage, alleging that James and Townsend had defaulted in making the payment due on April 1, 2009.
Subsequently, the plaintiff attempted to serve James with the summons and complaint at the address of the mortgaged premises, which were vacant. The plaintiff also attempted to serve James at 115 East 16th Street in Brooklyn. An unidentified male at that location informed the [*2]process server that James no longer resided at that address, but he did not provide any current address or contact information for James. The plaintiff made four formal inquiries upon the United States Post Office (hereinafter USPS) with respect to mail delivery for James at each of these two addresses, but did not receive a response. The plaintiff then attempted to serve James at two additional addresses in Brooklyn. One address was vacant, and James was not known at the other address. The plaintiff also unsuccessfully attempted to serve James at two addresses in Florida.
In further attempts to locate James, the plaintiff made seven additional formal inquiries to the USPS and made formal inquiries to the New York City Board of Elections, the Kings County Surrogate's Court, the Departments of Motor Vehicles of both New York and Florida, the Broward County Board of Elections, and the Circuit and County Courts, Howard C. Forman, Broward County Court House in Florida. The plaintiff also conducted a number of Internet searches. The plaintiff obtained a possible telephone listing for James, and its agent called the telephone number and spoke with James. When the agent explained that the purpose of the call was to discuss the foreclosure action, James hung up. The plaintiff's agent left telephone messages for James, but James did not contact the plaintiff. None of the other defendants appeared in the action.
On May 24, 2016, the plaintiff moved, inter alia, pursuant to CPLR 306-b for an extension of time to serve James and pursuant to CPLR 315 and 316 to permit service on James by publication or, in effect, pursuant to CPLR 308(5) to permit service as otherwise directed by the court. While that motion was pending, by order to show cause dated June 2016, James moved pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against him for lack of personal jurisdiction, while also opposing the plaintiff's motion. James averred that he had lived at the premises at 115 East 16th Street in Brooklyn for more than 20 years. It is unclear from the record when or how James first received notice of this action.
The Supreme Court, inter alia, granted James's motion, in effect, denied that branch of the plaintiff's motion which was pursuant to CPLR 306-b to extend the time to serve James, and denied, as academic, that branch of the plaintiff's motion which was pursuant to CPLR 315 and 316 to permit service on James by publication or, in effect, pursuant to CPLR 308(5) to permit service as otherwise directed by the court. The plaintiff appeals.
In light of the plaintiff's overwhelming showing of due diligence in attempting service, the Supreme Court improvidently exercised its discretion by, in effect, denying that branch of the plaintiff's motion which was to extend the time to serve James. Pursuant to CPLR 306-b, a court may, in the exercise of discretion, grant a motion for an extension of time within which to effect service upon "good cause shown or in the interest of justice" (see Leader v Maroney, Ponzini & Spencer, 97 NY2d 95, 104 [internal quotation marks omitted]). "To establish good cause, a plaintiff must demonstrate reasonable diligence in attempting service. Good cause will not exist where a plaintiff fails to make any effort at service, or fails to make at least a reasonably diligent effort at service. By contrast, good cause may be found to exist where the plaintiff's failure to timely serve process is a result of circumstances beyond the plaintiff's control" (Bumpus v New York City Tr. Auth., 66 AD3d 26, 31-32 [citations omitted]).
If a plaintiff fails to establish good cause for an extension, courts must consider whether an extension is warranted in the interest of justice (see id. at 32). A showing of reasonably diligent efforts at service is not required, but courts may consider diligence along with other factors, including "the expiration of the statute of limitations, the meritorious nature of the action, the length of delay in service, the promptness of a request by the plaintiff for an extension, and prejudice to the defendant" (id.; see Leader v Maroney, Ponzini & Spencer, 97 NY2d at 105-106; Matter of Jordan v City of New York, 38 AD3d 336, 339).
Here, the plaintiff established good cause to warrant the granting of an extension by submitting a detailed affidavit of due diligence, affidavits of attempted service, and evidence of the many inquiries and record searches that it made in an attempt to effect service (see Emigrant Bank v Estate of Robinson, 144 AD3d 1084). The plaintiff submitted evidence that it was unable to serve James at the mortgaged premises, which were vacant. The process server was informed that James [*3]no longer resided at the premises at 115 East 16th Street, which James later averred was his residence. The plaintiff made formal inquiries with the USPS but did not receive a response. The plaintiff then subsequently attempted service at four additional locations and made numerous formal inquiries with various agencies, along with informal Internet searches. Finally, the plaintiff was able to reach James by telephone, but James hung up on the plaintiff's agent and did not return her subsequent telephone messages. These efforts were more than sufficient to constitute reasonably diligent efforts at service.
Moreover, the plaintiff established that the time for service should be extended in the interest of justice, in light of, inter alia, the plaintiff's many efforts to serve James, the expiration of the statute of limitations, and the evidence suggesting that James was evading service, including by hanging up on the plaintiff's agent when the plaintiff was finally able to reach him by telephone, and then failing to respond to subsequent telephone messages (see Emigrant Bank v Estate of Robinson, 144 AD3d 1084; see generally Leader v Maroney, Ponzini & Spencer, 97 NY2d at 105-106; Estate of Fernandez v Wyckoff Hgts. Med. Ctr., 162 AD3d 742).
Accordingly, the Supreme Court should have granted that branch of the plaintiff's motion which was pursuant to CPLR 306-b to extend the time for service upon James and denied James's motion pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against him. We remit the matter to the Supreme Court, Kings County, for a determination of that branch of the plaintiff's motion which was to permit service on James by publication or, in effect, as otherwise directed by the court.
MASTRO, J.P., AUSTIN, COHEN and MALTESE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court