U.S. Bank Natl. Assn. v Bindra (2023 NY Slip Op 03037)

U.S. Bank Natl. Assn. v Bindra

2023 NY Slip Op 03037

Decided on June 7, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 7, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
REINALDO E. RIVERA
LARA J. GENOVESI
HELEN VOUTSINAS, JJ.

2020-03383
 (Index No. 615892/18)

[*1]U.S. Bank National Association, etc., respondent,
v
Narinder Bindra, etc., appellant, et al., defendants.

Miller, Rosado & Algios, LLP, Garden City, NY (Christopher Rosado and Neil A. Miller of counsel), for appellant.
Greenberg Traurig, LLP, New York, NY (Sarah D. Lemon and Patrick G. Broderick of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Narinder Bindra appeals from an order of the Supreme Court, Nassau County (Thomas A. Adams, J.), entered January 24, 2020. The order, insofar as appealed from, granted that branch of the plaintiff's motion which was pursuant to CPLR 306-b to extend the time to serve the summons and complaint upon that defendant, and, in effect, denied that defendant's cross-motion pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against her.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The defendant Narinder Bindra (hereinafter the defendant) executed a note in the sum of $1,820,000 which was secured by a mortgage on residential property located in Old Westbury (hereinafter the subject premises). In November 2018, the plaintiff commenced this action against the defendant, among others, to foreclose the mortgage, alleging that the defendant defaulted in making the monthly payment obligations due on the note beginning in 2016. According to the plaintiff's affidavit of service, the defendant was personally served at the subject premises on December 14, 2018. The defendant failed to appear in the action. After the plaintiff obtained an order of reference and moved for a judgment of foreclosure and sale, the defendant cross-moved pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against her for lack of personal jurisdiction. According to the plaintiff's affidavit of service, personal service upon the defendant was made on a 54-year-old man at the subject premises, while the defendant was an 81-year-old woman. The plaintiff then withdrew its motion for a judgment of foreclosure and sale and moved, inter alia, pursuant to CPLR 306-b to extend the time to serve the defendant. In an order entered January 24, 2020, the Supreme Court, among other things, granted that branch of the plaintiff's motion and, in effect, denied the defendant's cross-motion. The defendant appeals.
Generally, service of a summons and complaint must be made within 120 days after the commencement of the action (see CPLR 306-b). "Pursuant to CPLR 306-b, a court may, in the exercise of discretion, grant an extension of time within which to effect service for good cause shown or in the interest of justice" (Wells Fargo Bank, N.A. v Fameux, 201 AD3d 1012, 1013; see CPLR 306-b; Leader v Maroney, Ponzini & Spencer, 97 NY2d 95, 104). "Good cause and interest [*2]of justice are two separate and independent statutory standards" (Wells Fargo Bank, N.A. v Fameux, 201 AD3d at 1013).
"To establish good cause, a plaintiff must demonstrate reasonable diligence in attempting service" (LaSalle Bank, NA v Ferrari, 210 AD3d 976, 977, citing Bumpus v New York City Tr. Auth., 66 AD3d 26, 31; see HSBC Bank, USA v Gibatov, 183 AD3d 555, 556). The more flexible interest of justice standard accommodates late service that might be due to mistake, confusion, or oversight, so long as there is no prejudice to the defendant (see US Bank N.A. v Fink, 206 AD3d 858, 860; JPMorgan Chase Bank, N.A. v Kothary, 178 AD3d 791, 793; Estate of Fernandez v Wyckoff Hgts. Med. Ctr., 162 AD3d 742, 744). "In considering the interest of justice standard, 'the court may consider diligence, or lack thereof, along with any other relevant factor in making its determination, including expiration of the Statute of Limitations, the meritorious nature of the cause of action, the length of delay in service, the promptness of a plaintiff's request for the extension of time, and prejudice to the defendant'" (Wells Fargo Bank, N.A. v Fameux, 201 AD3d at 1014, quoting State of New York Mtge. Agency v Braun, 182 AD3d 63, 66-67 [internal quotation marks omitted]; see Leader v Maroney, Ponzini & Spencer, 97 NY2d at 105-106). The determination of whether to grant the extension in the interest of justice is within the discretion of the motion court (see Rosenzweig v 600 N. St., LLC, 35 AD3d 705).
Under the circumstances of this case, the plaintiff failed to demonstrate good cause for an extension of time to serve the defendant under CPLR 306-b (see JPMorgan Chase Bank, N.A. v Kothary, 178 AD3d 791, 793; Estate of Fernandez v Wyckoff Hgts. Med. Ctr., 162 AD3d at 743). Nevertheless, we agree with the Supreme Court's determination granting, in the interest of justice, that branch of the plaintiff's motion which was pursuant to CPLR 306-b to extend the time to serve the summons and complaint upon the defendant. The plaintiff established, among other things, that the action was timely commenced, and that service was timely attempted and was perceived by the plaintiff to have been within the 120-day period but was subsequently found to have been defective (see Estate of Fernandez v Wyckoff Hgts. Med. Ctr., 162 AD3d at 743). Additionally, the plaintiff demonstrated that it has a potentially meritorious cause of action, and that there was no demonstrable prejudice to the defendant as a consequence of the delay in service (see HSBC Bank USA, N.A. v Oqlah, 163 AD3d 928, 930; Estate of Fernandez v Wyckoff Hgts. Med. Ctr., 162 AD3d at 743; Chan v Zoubarev, 157 AD3d 851; Singh v Trahan, 153 AD3d 961). Moreover, the length of delay was not particularly egregious as the plaintiff promptly moved to extend the time to serve the summons and complaint upon the defendant approximately one month after it learned that the defendant had not been properly served (see generally Bumpus v New York City Tr. Auth., 66 AD3d at 37).
Accordingly, the Supreme Court providently exercised its discretion in granting that branch of the plaintiff's motion which was pursuant to CPLR 306-b to extend the time to serve the summons and complaint upon the defendant, and properly, in effect, denied the defendant's cross-motion pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against her for lack of personal jurisdiction (see US Bank N.A. v Saintus, 153 AD3d 1380, 1382; Rosenberg v Trazzera, 147 AD3d 1099; cf. Citibank, N.A. v Balsamo, 176 AD3d 775, 776).
The defendant's remaining contention is without merit.
BARROS, J.P., RIVERA, GENOVESI and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court