Pierre v Grueso (2023 NY Slip Op 04782)

Pierre v Grueso

2023 NY Slip Op 04782

Decided on September 27, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 27, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
JOSEPH J. MALTESE
PAUL WOOTEN
LILLIAN WAN, JJ.

2021-04163
 (Index No. 500484/19)

[*1]Margarette Pierre, appellant, 
v
Daisy Grueso, etc., et al., respondents, et al., defendants.

David M. Harrison, Brooklyn, NY, for appellant.
Sylvia O. Hinds-Radix, Corporation Counsel, New York, NY (Claude S. Platton and Julie Steiner of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, to recover damages for medical malpractice, the plaintiff appeals from an order of the Supreme Court, Kings County (Pamela L. Fisher, J.), dated May 10, 2021. The order, insofar as appealed from, denied that branch of the plaintiff's motion which was pursuant to CPLR 306-b to extend the time to serve the defendant Deborah Williams with the summons and complaint.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff commenced this action, inter alia, to recover damages for medical malpractice on January 8, 2019. On April 22, 2019, a process server attempted to serve the summons and complaint upon the defendant Deborah Williams but was unsuccessful. The plaintiff made no further attempt to serve Williams. On June 17, 2020, the plaintiff moved, among other things, pursuant to CPLR 306-b to extend the time to serve Williams with the summons and complaint. In an order dated May 10, 2021, the Supreme Court, inter alia, denied that branch of the plaintiff's motion. The plaintiff appeals.
Pursuant to CPLR 306-b, a court may, in the exercise of its discretion, grant a motion for an extension of the time for service "upon good cause shown or in the interest of justice" (see Wells Fargo Bank, N.A. v Boakye-Yiadom, 213 AD3d 976, 977). "'Good cause' and 'interest of justice' are two separate and independent statutory standards" (BAC Home Loans Servicing, L.P. v Rogener, 171 AD3d 996, 998).
"'To establish good cause, a plaintiff must demonstrate reasonable diligence in attempting service'" (LaSalle Bank, NA v Ferrari, 210 AD3d 976, 977, quoting Bumpus v New York [*2]City Tr. Auth., 66 AD3d 26, 31). "Good cause will not exist where a plaintiff fails to make any effort at service, or fails to make at least a reasonably diligent effort at service" (Bumpus v New York City Tr. Auth., 66 AD3d at 32 [citations omitted]). Here, the plaintiff failed to demonstrate that she was entitled to an extension of time to serve Williams for good cause, as she failed to establish that she made reasonably diligent efforts in attempting service upon Williams (see Rodriguez v Consolidated Edison Co. of N.Y., Inc., 163 AD3d 734, 736; Hourie v North Shore-Long Is. Jewish Health Sys., Inc.-Lenox Hill Hosp., 150 AD3d 707, 708-709).
"Where, as here, the plaintiff fails to establish good cause, courts must consider the 'interest of justice' standard of CPLR 306-b" (LaSalle Bank, NA v Ferrari, 210 AD3d at 978 [internal quotation marks omitted]). "The interest of justice standard requires a careful judicial analysis of the factual setting of the case and a balancing of the competing interests presented by the parties. Unlike an extension request premised on good cause, a plaintiff need not establish reasonably diligent efforts at service as a threshold matter. However, the court may consider diligence, or lack thereof, along with any other relevant factor in making its determination, including expiration of the Statute of Limitations, the meritorious nature of the cause of the action, the length of delay in service, the promptness of a plaintiff's request for the extension of time, and prejudice to defendant" (Leader v Maroney, Ponzini & Spencer, 97 NY2d 95, 105-106; see BAC Home Loans Servicing, L.P. v Rogener, 171 AD3d at 998).
Contrary to the plaintiff's contention, she failed to demonstrate that an extension of time to serve Williams was warranted in the interest of justice. In this regard, the plaintiff failed to make reasonably diligent efforts at service within the 120-day period and failed to offer any excuse for her delay in making a motion to extend the time for service for approximately 10 months before the COVID-19 pandemic began (see Leader v Maroney, Ponzini & Spencer, 97 NY2d at 107; Horowitz v Coch, 82 AD3d 707, 708; Redman v South Is. Orthopaedic Group, P.C., 78 AD3d 1147, 1148). In addition, the plaintiff failed to establish that she had a potentially meritorious medical malpractice cause of action against Williams (see Williams v St. John's Episcopal Hosp., 173 AD3d 1117, 1119; Wilbyfont v New York Presbyt. Hosp., 131 AD3d 605, 607). Further, the plaintiff failed to rebut the inference of substantial prejudice that arose due to the protracted delay, as she failed to provide any evidence that Williams had actual notice of the action within the 120-day service period (see US Bank N.A. v Fink, 206 AD3d 858, 861; Wells Fargo Bank, NA v Barrella, 166 AD3d 711, 714; Wilbyfont v New York Presbyt. Hosp., 131 AD3d at 607).
Accordingly, the Supreme Court providently exercised its discretion in denying that branch of the plaintiff's motion which was to extend the time to serve Williams with the summons and complaint.
BRATHWAITE NELSON, J.P., MALTESE, WOOTEN and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court