Rivera v Michaelsen (2024 NY Slip Op 01210)

Rivera v Michaelsen

2024 NY Slip Op 01210

Decided on March 6, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 6, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LINDA CHRISTOPHER
LARA J. GENOVESI
BARRY E. WARHIT, JJ.

2021-08158
 (Index No. 605033/20)

[*1]Victor Rivera, respondent, 
v
Peter Michaelsen, et al., appellants.

Lawrence & Lawrence, Garden City, NY (Bruce A. Lawrence and Margaret M. Rohan of counsel), for appellants.
Sackstein, Sackstein & Lee (Michael H. Zhu, Esq. P.C., New York, NY, of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Nassau County (James P. McCormack, J.), dated September 21, 2021. The order granted the plaintiff's cross-motion pursuant to CPLR 306-b to extend the time to serve the defendants with the summons and complaint, and denied the defendants' motion pursuant to CPLR 3211(a)(8) to dismiss the complaint.
ORDERED that the order is affirmed, with costs.
In May 2017, the plaintiff allegedly was injured when he fell from a ladder while performing work on the defendants' home located in Long Beach. In or around July 2019, the plaintiff commenced an action to recover damages for personal injuries against the defendants, who had since relocated to Washington State. The plaintiff voluntarily discontinued that action because he was unable to effectuate service upon the defendants. In May 2020, the plaintiff commenced this action against the defendants, alleging common-law negligence and violations of the Labor Law. In or around May 2021, the defendants moved pursuant to CPLR 3211(a)(8) to dismiss the complaint. The plaintiff opposed the motion and cross-moved pursuant to CPLR 306-b to extend the time to serve the defendants with the summons and complaint. In an order dated September 21, 2021, the Supreme Court granted the plaintiff's cross-motion and denied the defendants' motion. The defendants appeal.
CPLR 306-b provides, in pertinent part, that "[s]ervice of the summons and complaint. . . shall be made within one hundred twenty days after the commencement of the action . . . If service is not made upon a defendant within the time provided in this section, the court, upon motion, shall dismiss the action without prejudice as to that defendant, or upon good cause shown or in the interest of justice, extend the time for service." "Good cause and interest of justice are two separate and independent statutory standards" (U.S. Bank N.A. v Bindra, 217 AD3d 719, 720 [internal quotation marks omitted]; see Leader v Maroney, Ponzini & Spencer, 97 NY2d 95, 104).
"To establish good cause, a plaintiff must demonstrate reasonable diligence in attempting service" (U.S. Bank N.A. v Bindra, 217 AD3d at 720 [internal quotation marks omitted]; [*2]see Leader v Maroney, Ponzini & Spencer, 97 NY2d at 104-105). "If good cause for an extension is not established, courts must consider the broader interest of justice standard of CPLR 306-b" (State of New York Mtge. Agency v Braun, 182 AD3d 63, 66; see Bumpus v New York City Tr. Auth., 66 AD3d 26, 32). In considering the interest of justice standard, "the court may consider diligence, or lack thereof, along with any other relevant factor in making its determination, including expiration of the Statute of Limitations, the meritorious nature of the cause of action, the length of delay in service, the promptness of a plaintiff's request for the extension of time, and prejudice to defendant" (Leader v Maroney, Ponzini & Spencer, 97 NY2d at 105-106; see State of New York Mtge. Agency v Braun, 182 AD3d at 66-67).
Contrary to the defendants' contentions, the plaintiff's submissions, which included affidavits of attempted service and evidence of various inquiries and records searches, demonstrated his substantial efforts to locate and serve the defendants, and established the requisite reasonable diligence to warrant an extension of time to serve the defendants for good cause (see Emigrant Bank v Estate of Robinson, 144 AD3d 1084, 1085). In any event, the plaintiff also demonstrated that an extension of time to serve the defendants was warranted in the interest of justice by showing, inter alia, the existence of potentially meritorious causes of action and the lack of prejudice to the defendants (see Leader v Maroney, Ponzini & Spencer, 97 NY2d at 106; Emigrant Bank v Estate of Robinson, 144 AD3d at 1085-1086).
Accordingly, the Supreme Court providently exercised its discretion in granting the plaintiff's cross-motion pursuant to CPLR 306-b to extend the time to serve the defendants with the summons and complaint, and properly denied the defendants' motion pursuant to CPLR 3211(a)(8) to dismiss the complaint.
DILLON, J.P., CHRISTOPHER, GENOVESI and WARHIT, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court