Hall v L&A Operational, LLC (2024 NY Slip Op 03417)

Hall v L&A Operational, LLC

2024 NY Slip Op 03417

Decided on June 20, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 20, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
LINDA CHRISTOPHER
DEBORAH A. DOWLING
JANICE A. TAYLOR, JJ.

2022-04413
 (Index No. 604585/21)

[*1]Anita Hall, etc., respondent, 
v
L & A Operational, LLC, et al., defendants, Sanjay Galhotra, etc., appellant.

Kerley, Walsh, Matera & Cinquemani, P.C., Seaford, NY (Lauren B. Bristol of counsel), for appellant.
Duffy & Duffy, PLLC, Uniondale, NY (Damien Smith of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for medical malpractice, the defendant Sanjay Galhotra appeals from an order of the Supreme Court, Suffolk County (Paul M. Hensley, J.), dated April 19, 2022. The order granted the plaintiff's cross-motion pursuant to CPLR 306-b to extend the time to serve the amended complaint upon the defendant Sanjay Galhotra, and denied, as academic, that defendant's motion pursuant to CPLR 3211(a)(8) to dismiss the amended complaint insofar as asserted against him.
ORDERED that the order is affirmed, with costs.
In March 2019, the plaintiff's decedent died after allegedly suffering a heart attack while she was a resident at Luxor Nursing and Rehabilitation at Sayville (hereinafter the nursing home) and under the care of, among other medical professionals, the defendant Sanjay Galhotra (hereinafter the defendant). In March 2021, the plaintiff commenced this action, inter alia, to recover damages for medical malpractice against, among others, the defendant. In April 2021, the plaintiff filed an amended complaint. According to an affidavit of service, the defendant was served on April 16, 2021, at the nursing home, by delivery of a copy of the summons and amended complaint to a person named "Victoria F.," followed by a mailing of a copy of the same papers to that address.
In October 2021, the defendant moved pursuant to CPLR 3211(a)(8) to dismiss the amended complaint insofar as asserted against him. The plaintiff opposed the motion and cross-moved pursuant to CPLR 306-b to extend the time to serve the amended summons and complaint upon the defendant. In an order dated April 19, 2022, the Supreme Court granted the plaintiff's cross-motion and denied the defendant's motion as academic. The defendant appeals.
Generally, service of a summons and complaint must be made within 120 days after the commencement of the action (see id.). "Pursuant to CPLR 306-b, a court may, in the exercise of discretion, grant an extension of time within which to effect service for good cause shown or in the interest of justice" (Bhatara v Kolaj, 222 AD3d 926, 930 [internal quotation marks omitted]; see Leader v Maroney, Ponzini & Spencer, 97 NY2d 95, 104-105). "To establish good cause, a plaintiff must demonstrate reasonable diligence in attempting service" (Bhatara v Kolaj, 222 AD3d at 930 [internal quotation marks omitted]; see U.S. Bank N.A. v Bindra, 217 AD3d 719, 720). "The more flexible interest of justice standard accommodates late service that might be due to mistake, confusion, or oversight, so long as there is no prejudice to the defendant" (Bhatara v Kolaj, 222 [*2]AD3d at 930; see U.S. Bank N.A. v Bindra, 217 AD3d at 720). "In considering the interest of justice standard, the court may consider diligence, or lack thereof, along with any other relevant factor in making its determination, including expiration of the Statute of Limitations, the meritorious nature of the cause of action, the length of delay in service, the promptness of a plaintiff's request for the extension of time, and prejudice to the defendant" (Bhatara v Kolaj, 222 AD3d at 930 [internal quotation marks omitted]; see U.S. Bank N.A. v Bindra, 217 AD3d at 720). "The determination of whether to grant an extension of time in the interest of justice is within the discretion of the motion court" (Bhatara v Kolaj, 222 AD3d at 930; see U.S. Bank N.A. v Bindra, 217 AD3d at 720).
Here, the Supreme Court providently exercised its discretion in granting, in the interest of justice, the plaintiff's cross-motion pursuant to CPLR 306-b to extend the time to serve the amended complaint upon the defendant (see Bhatara v Kolaj, 222 AD3d at 930; U.S. Bank N.A. v Bindra, 217 AD3d at 720-721). The plaintiff demonstrated that the action was timely commenced, and that service was timely attempted and was believed by the plaintiff to have been made within 120 days after the commencement of the action but was subsequently found to be defective (see Bhatara v Kolaj, 222 AD3d at 931; U.S. Bank N.A. v Bindra, 217 AD3d at 720). Additionally, the plaintiff demonstrated a potentially meritorious cause of action, and that there was no demonstrable prejudice to the defendant as a consequence of the delay in service (see Bhatara v Kolaj, 222 AD3d at 931; U.S. Bank N.A. v Bindra, 217 AD3d at 721).
Accordingly, Supreme Court providently exercised its discretion in granting the plaintiff's cross-motion pursuant to CPLR 306-b to extend the time to serve the amended complaint upon the defendant, and properly denied, as academic, the defendant's motion pursuant to CPLR 3211(a)(8) to dismiss the amended complaint insofar as asserted against him (see Bhatara v Kolaj, 222 AD3d at 930-931; U.S. Bank N.A. v Bindra, 217 AD3d at 720-721).
The parties' remaining contentions need not be reached in light of our determination.
BARROS, J.P., CHRISTOPHER, DOWLING and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court