| |
|---|
| **Charles v Lee** |
| 2024 NY Slip Op 32988(U) |
| August 20, 2024 |
| Supreme Court, Kings County |
| Docket Number: Index No. 521272/2023 |
| Judge: Genine D. Edwards |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

At an IAS Term, Part 80 of the Supreme
Court of the State of New York, held in and
for the County of Kings, at the Courthouse,
at 360 Adams Street, Brooklyn, New York,
on the 20th day of August 2024.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

---

TERESA HERSE CHARLES,

*Plaintiff,*

– against –

GREGORY LEE, M.D. and NYU LANGONE

*Defendants.*

---

Index No.: 521272/2023

**DECISION AND ORDER**

The following e-filed papers read herein:

NYSCEF Nos.:

Notice of Motion, Affirmation, and Exhibits...................................................29-35
Notice of Cross-Motion, Affirmation in Opposition and Support and Exhibits...............39-43
Affirmation in Opposition and Reply….......................................................44-45

In this action to recover damages for medical malpractice, Gregory Lee M.D. ("Dr. Lee")
moved to dismiss this action pursuant to CPLR §3012(b), for plaintiff's failure to timely serve the
summons and complaint and pursuant to CPLR §3211(a)(5) and §3212, arguing that Teresa Herse
Charles' ("Plaintiff") claim is barred by the applicable statute of limitations. Plaintiff opposed the
motion and cross-moved pursuant to CPLR §306(b), seeking to extend her time to serve the
summons and complaint *nunc pro tunc*. Defendant opposed plaintiff's cross-motion.

FACTS

Plaintiff presented to NYU Langone ("NYU") on September 11, 2018, for a pars plana
virectomy, for the removal of lens fragments left behind from a previous cataract removal surgery,
performed at the hospital. Plaintiff's medical records indicate that, after the procedure, she

1

[* 1]

consulted with different doctors at NYU, complaining of visual floaters, pseudophakia of the left eye, dry eye syndrome, and a history of dislocated intraocular lens. Specifically, plaintiff saw Dr. Lee on January 2, 2019 and June 19, 2019, Dr. Alan J. Jordan on August 5, 2019 and June 29, 2020, and Dr. David Reves on January 31, 2022. The last visit with Dr. Lee occurred on June 19, 2019. Dr. Lee ended his employment with NYU in July 2019, and relocated to Atlanta, Georgia. Plaintiff continued to return to NYU and consulted with different doctors for her ongoing eye condition until September 2022.

The summons and complaint for the instant matter was filed on July 25, 2023. Dr. Lee was served a copy of the summons and complaint on April 3, 2024, 253 days after the summons and complaint was filed with the County Clerk.

LAW

Pursuant to CPLR § 306(b), a summons and complaint must be served within 120 days of filing with the County Clerk, but the court may extend the time for service upon a showing of good cause or in the interest of justice. A showing of good cause requires plaintiff to exercise reasonable diligence to serve the summons and complaint upon the defendants. *Pierre v. Grueso*, 219 A.D.3d 1535, 197 N.Y.S.3d 266 (2d Dept. 2023). In considering an application for an extension of time to serve in the interest of justice, a court may consider diligence, including the expiration of the statute of limitations, the meritorious nature of the cause of action, the length of delay in service, the promptness of a plaintiff's request for the extension of time, and prejudice to the defendant. *Hourie v. North Shore-Long Is. Jewish Health Sys., Inc.-Lenox Hill Hosp.*, 150 A.D.3d 707, 54 N.Y.S.3d 53 (2d Dept. 2017).

The statute of limitations for a medical malpractice claim in New York is two and a half years from the date of the alleged malpractice. CPLR §214(a). Where a plaintiff is receiving

2

[* 2]

continuous treatment for the same illness, injury or condition that gave rise to the said act, omission, or failure, the statute of limitations runs from the date of the last treatment. *Id*. The continuous treatment doctrine contains three principal elements: "(1) the patient 'continued to seek, and in fact obtained, an actual course of treatment from the defendant physician during the relevant period'; (2) the course of treatment was 'for the same conditions or complaints underlying the plaintiff's medical malpractice claim'; and (3) the treatment is 'continuous'" *Hall v. Bolognese*, 210 A.D.3d 958, 178 N.Y.S.3d 564 (2d Dept. 2022); *Hillary v. Gerstein*, 178 A.D.3d 674, 114 N.Y.S.3d 440 (2d Dept. 2019); *Gomez v. Katz*, 61 A.D.3d 108, 874 N.Y.S.2d 161 (2d Dept. 2009).

## ANALYSIS

Dr. Lee argued that this action should be dismissed pursuant to CPLR §3012(b) because the plaintiff served him 253 days after the summons and complaint was filed with the County Clerk, which is well beyond CPLR §306(b)'s 120-day requirement.

In opposition, plaintiff contended that she is entitled to an extension of time to serve because Dr. Lee ended his employment with NYU in July 2019 and moved to Georgia, preventing her from serving him timely. In support of her cross-motion, plaintiff annexed an affidavit by a process server which indicates that three attempts were made to serve Dr. Lee during a three-week period. Specifically, attempts were made on July 31, 2023, August 14, 2023, and August 23, 2023. The affidavit evidenced that an out-of-state address search resulted in multiple addresses for Dr. Lee, and that after a process of elimination, the process server was able to pinpoint Dr. Lee's location and served him on April 3, 2024, 253 days after the summons and complaint was filed with the County Clerk. The affidavit did not state what day this out-of-state search was conducted, how many addresses the search produced, or how many addresses were served before the process server was able to pinpoint Dr. Lee's actual location, inter alia. Plaintiff did not establish good

3

[* 3]

cause to grant the extension since she failed to demonstrate that she exercised reasonably diligent efforts in attempting to effect proper service upon Dr. Lee. *Pierre v. Grueso*, 219 A.D.3d 1535, 197 N.Y.S.3d 266 (2d Dept. 2023); *Rodriguez v. Consol. Edison Co. of New York, Inc.*, 163 A.D.3d 734, 81 N.Y.S.3d 404 (2d Dept. 2018). Likewise, plaintiff's interest of justice argument fails given the length of delay of service and the lack of promptness to request an extension. *Feng Li v. Peng*, 190 A.D.3d 950, 141 N.Y.S.3d 77 (2d Dept. 2021); *Hourie v. North Shore-Long Is. Jewish Health Sys. Inc.-Lenox Hill Hosp.*, 150 A.D.3d 707.  Indeed, plaintiff did not move for an extension until 54 days after Dr. Lee moved for dismissal. The Second Department has held that filing a motion to extend the time to serve after a motion to dismiss has been filed was insufficient proof that granting an extension was in the interests of justice. *Umana v. Sofola*, 149 A.D.3d 1138 (2d Dept. 2017); *Riccio v. Ghulam*, 29 A.D.3d 558, 815 N.Y.S.2d 125 (2d Dept. 2006).

Accordingly, it is

ORDERED that Gregory Lee M.D.'s motion to dismiss pursuant to CPLR § 3012(b) is granted and the complaint is dismissed as to this defendant, and it is further

ORDERED that Teresa Herse Charles' cross-motion is denied, and it is further

ORDERED that the Clerk shall amend the caption accordingly, and it is further

ORDERED that Gregory Lee M.D.'s counsel is directed to electronically serve a copy of this decision/order with notice of entry on the other parties' respective counsel and to electronically file an affidavit of service with the Kings County Clerk, and it is further

This constitutes the Decision and Order of this Court.

For Clerks use only
MG___
MD___
Motion Seq.#: 2 & 3

ENTER

_____
J.S.C.

HON. GENINE D. EDWARDS

[* 4]