Citimortgage, Inc. v Benyacob (2025 NY Slip Op 02567)

Citimortgage, Inc. v Benyacob

2025 NY Slip Op 02567

Decided on April 30, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 30, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ROBERT J. MILLER, J.P.
DEBORAH A. DOWLING
JANICE A. TAYLOR
JAMES P. MCCORMACK, JJ.

2023-05648
 (Index No. 20252/13)

[*1]Citimortgage, Inc., etc., respondent,
v
Yehudit Benyacob, etc., appellant, et al., defendants.

Henry Kohn, Brooklyn, NY, for appellant.
David A. Gallo & Associates, LLP, Manhasset, NY (Robert M. Link of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Yehudit Benyacob appeals from an order of the Supreme Court, Kings County (Larry D. Martin, J.), dated March 29, 2023. The order, insofar as appealed from, denied that defendant's motion for summary judgment dismissing the complaint insofar as asserted against her for lack of personal jurisdiction and granted that branch of the plaintiff's cross-motion which was pursuant to CPLR 306-b to extend the time to serve that defendant with the summons and complaint.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In 2013, the plaintiff commenced this action against, among others, the defendant Yehudit Benyacob (hereinafter the defendant) to foreclose a mortgage. The defendant failed to appear or answer the complaint. On May 4, 2016, the Supreme Court issued a judgment of foreclosure and sale upon the defendant's default. Thereafter, the defendant moved, inter alia, pursuant to CPLR 5015(a)(4) to vacate the judgment of foreclosure and sale, and the plaintiff moved pursuant to CPLR 306-b to extend the time to serve the defendant with the summons and complaint. In an order dated November 6, 2019, the court granted that branch of the defendant's motion and the plaintiff's motion.
In February 2021, the defendant moved for summary judgment dismissing the complaint insofar as asserted against her for lack of personal jurisdiction, and the plaintiff cross-moved, among other things, again pursuant to CPLR 306-b to extend the time to serve the defendant with the summons and complaint. On May 4, 2022, the Supreme Court denied the defendant's motion and the plaintiff's cross-motion. Subsequently, the defendant again moved for summary judgment dismissing the complaint insofar as asserted against her for lack of personal jurisdiction, and the plaintiff again cross-moved, inter alia, pursuant to CPLR 306-b to extend the time to serve the defendant with the summons and complaint. In an order dated March 29, 2023, the court, among other things, denied the defendant's motion and granted that branch of the plaintiff's cross-motion in the interest of justice. The defendant appeals.
"Pursuant to CPLR 306-b, a court may, in its discretion, grant a motion for an [*2]extension of the time for service 'upon good cause shown or in the interest of justice'" (Pierre v Grueso, 219 AD3d 1535, 1535, citing Wells Fargo Bank, N.A. v Boakye-Yiadom, 213 AD3d 976, 977; see Leader v Maroney, Ponzini & Spencer, 97 NY2d 95, 104). "'Good cause' and 'interest of justice' are two separate and independent statutory standards" (BAC Home Loans Servicing, L.P. v Rogener, 171 AD3d 996, 998). "'The interest of justice standard requires a careful judicial analysis of the factual setting of the case and a balancing of the competing interests presented by the parties. Unlike an extension request premised on good cause, a plaintiff need not establish reasonably diligent efforts at service as a threshold matter'" (Pierre v Grueso, 219 AD3d at 1536, quoting Leader v Maroney, Ponzini & Spencer, 97 NY2d at 104). "'In considering the interest of justice standard, the court may consider diligence, or lack thereof, along with any other relevant factor in making its determination, including expiration of the Statute of Limitations, the meritorious nature of the cause of action, the length of delay in service, the promptness of a plaintiff's request for the extension of time, and prejudice to the defendant'" (Bhatara v Kolaj, 222 AD3d 926, 930 [internal quotation marks omitted], quoting Wells Fargo Bank, N.A. v Fameux, 201 AD3d 1012, 1014; see Leader v Maroney, Ponzini & Spencer, 97 NY2d at 105-106). "The determination of whether to grant the extension in the interest of justice is within the discretion of the motion court" (U.S. Bank N.A. v Bindra, 217 AD3d 719, 720).
Contrary to the defendant's contention, under the circumstances of this case, the Supreme Court providently exercised its discretion in granting that branch of the plaintiff's cross-motion which was pursuant to CPLR 306-b to extend the time to serve the defendant with the summons and complaint and properly denied the defendant's motion for summary judgment dismissing the complaint insofar as asserted against her for lack of personal jurisdiction (see Wells Fargo Bank, N.A. v Ben-Aron, 231 AD3d 1194; Wells Fargo Bank, N.A. v Boakye-Yiadom, 213 AD3d 976, 978). The plaintiff demonstrated that the action was timely commenced, that the statute of limitations had since expired, that there was no identifiable prejudice to the defendant attributable to the delay in service, and that the action is potentially meritorious (see PNC Bank, N.A. v Sarfaty, 225 AD3d 721, 723; Wells Fargo Bank, N.A. v Boakye-Yiadom, 213 AD3d at 978). Moreover, notwithstanding the plaintiff's delays in seeking relief pursuant to CPLR 306-b, the record demonstrates that the defendant had actual notice of the action within 120 days of its commencement and served an answer to the complaint in 2020, and that, subsequent to the beginning of the COVID-19 pandemic, the plaintiff attempted service at the defendant's residence numerous times, during which the plaintiff's process server was harassed and threatened (see Wells Fargo Bank, N.A. v Ben-Aron, 231 AD3d 1194; PNC Bank, N.A. v Sarfaty, 225 AD3d at 723).
The defendant's remaining contentions are without merit.
MILLER, J.P., DOWLING, TAYLOR and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court