OneWest Bank N.A. v All the Heirs at Law (2025 NY Slip Op 04258)

OneWest Bank N.A. v All the Heirs at Law

2025 NY Slip Op 04258

Decided on July 23, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 23, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LARA J. GENOVESI, J.P.
VALERIE BRATHWAITE NELSON
LOURDES M. VENTURA
JAMES P. MCCORMACK, JJ.

2022-05653
 (Index No. 135608/14)

[*1]OneWest Bank N.A., appellant, 
v
All the Heirs at Law, Next of Kin, Distributees, Devisees, Grantees, Trustees, Lienors, Creditors, Assignees and Successors in Interest thereof of the aforesaid classes of persons, if they or any of them be dead, all of whom and whose names and places of residence are unknown to the plaintiff of Aud M. Moran, respondent, et al., defendants.

Stradley Ronon Stevens & Young, LLP, New York, NY (Leisl Kerechek of counsel), for appellant.
Vincent A. Albunio, Staten Island, NY, for respondent Raymond Moran, sued herein as an heir at law, next of kin, distributee, devisee, or grantee of Aud M. Moran.

DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Richmond County (Desmond A. Green, J.), dated May 27, 2022. The order, insofar as appealed from, granted that branch of the motion of Raymond Moran, sued herein as an heir at law, next of kin, distributee, devisee, or grantee of Aud M. Moran, which was pursuant to CPLR 306-b to dismiss the complaint insofar as asserted against him, and denied that branch of the plaintiff's cross-motion which was pursuant to CPLR 306-b to extend the time to serve the summons and complaint upon Raymond Moran.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In May 1995, Edward R. Moran (hereinafter Edward) and Aud M. Moran (hereinafter the decedent, and together with Edward, the borrowers) executed a loan agreement and note, which was secured by a reverse mortgage encumbering certain residential property located in Staten Island. In the reverse mortgage, the borrowers designated their son, Raymond Moran (hereinafter Raymond), as a "Notice Recipient" and provided his address. Pursuant to the loan agreement and note, the debt would be accelerated upon any one of five enumerated events of maturity, including the death of the last living borrower.
Edward died in 1998, and the decedent died intestate on July 18, 2013. On August 4, 2014, the plaintiff commenced this action against, among others, "[a]ll the heirs at law, next of kin, distributees, devisees, grantees, . . . all of whom and whose names and places of residence are unknown to the plaintiff of Aud M. Moran." On December 13, 2021, Raymond was served with the summons and complaint pursuant to CPLR 308(2). In January 2022, Raymond moved, inter alia, pursuant to CPLR 306-b to dismiss the complaint insofar as asserted against him. The plaintiff [*2]cross-moved, among other things, pursuant to CPLR 306-b to extend the time to serve the summons and complaint upon Raymond. In an order dated May 27, 2022, the Supreme Court, inter alia, granted that branch of Raymond's motion and denied that branch of the plaintiff's cross-motion. The plaintiff appeals.
Generally, service of a summons and complaint must be made within 120 days after the commencement of the action (see id.). "If service is not made upon a defendant within the time provided in [CPLR 306-b], the court, upon motion, shall dismiss the action without prejudice as to that defendant, or upon good cause shown or in the interest of justice, extend the time for service" (id.). "Good cause and interest of justice are two separate and independent statutory standards" (U.S. Bank N.A. v Bindra, 217 AD3d 719, 720 [internal quotation marks omitted]; see Leader v Maroney, Ponzini & Spencer, 97 NY2d 95, 104; Bumpus v New York City Tr. Auth., 66 AD3d 26, 31).
"To establish good cause, a plaintiff must demonstrate reasonable diligence in attempting service" (US Bank N.A. v Fink, 206 AD3d 858, 860; see Leader v Maroney, Ponzini & Spencer, 97 NY2d at 105-106). "The more flexible interest of justice standard accommodates late service that might be due to mistake, confusion, or oversight, so long as there is no prejudice to the defendant" (U.S. Bank N.A. v Bindra, 217 AD3d at 720; see HSBC Bank USA, N.A. v Labin, 232 AD3d 861, 863). "The interest of justice standard requires a court to carefully analyze the factual setting of the case and to balance the competing interests presented by the parties" (PNC Bank, N.A. v Sarfaty, 225 AD3d 721, 722; see Leader v Maroney, Ponzini & Spencer, 97 NY2d at 105). "Unlike an extension request premised on good cause, a plaintiff need not establish reasonably diligent efforts at service as a threshold matter. However, the court may consider diligence, or lack thereof, along with any other relevant factor in making its determination, including expiration of the Statute of Limitations, the meritorious nature of the cause of action, the length of delay in service, the promptness of a plaintiff's request for the extension of time, and prejudice to defendant" (Leader v Maroney, Ponzini & Spencer, 97 NY2d at 105-106; see PNC Bank, N.A. v Sarfaty, 225 AD3d at 722). "No one factor is determinative" (HSBC Bank USA, N.A. v Labin, 232 AD3d at 864 [internal quotation marks omitted]). The determination of whether to grant the extension in the interest of justice is within the discretion of the motion court (see U.S. Bank N.A. v Bindra, 217 AD3d at 720).
Here, the plaintiff did not contend that it established good cause to extend the time to serve Raymond. However, contrary to the plaintiff's contention, the Supreme Court did not apply the wrong standard, as it was still permitted to consider the plaintiff's "diligence, or lack thereof," in serving Raymond, in determining whether an extension was warranted in the interest of justice (Leader v Maroney, Ponzini & Spencer, 97 NY2d at 105-106).
The plaintiff failed to establish that an extension of time to serve Raymond was warranted in the interest of justice. Although the plaintiff contends that its delay in serving Raymond was due in part to a Richmond County Supreme Court policy requiring the appointment of an administrator by the Surrogate's Court, the plaintiff failed to offer any excuse for its delay of approximately 3½ years before commencing a proceeding in the Surrogate's Court. Moreover, notwithstanding the plaintiff's purported inability to locate the decedent's heirs, the record demonstrates that the plaintiff should have known Raymond's identity and address at the time it commenced this action, as the borrowers had designated him as the notice recipient and provided his address in the reverse mortgage (cf. Bumpus v New York City Tr. Auth, 66 AD3d 26). Moreover, the plaintiff indicated that Raymond was the decedent's son and listed his address in an affidavit of due diligence sworn to in October 2017 that it submitted to the Surrogate's Court. Despite this, the plaintiff offered no evidence of any attempt to serve Raymond prior to December 2021 (see BAC Home Loans Servicing, L.P. v Rogener, 171 AD3d 996, 999).
The plaintiff further failed to offer any excuse for its delay of more than seven years after the expiration of the 120-day service period to move pursuant to CPLR 306-b for an extension of time to serve Raymond (see Pierre v Grueso, 219 AD3d 1535, 1536; U.S. Bank N.A. v Fink, 206 AD3d at 860), and then did so only after he had made his motion to dismiss (see PROF-2013-M4 Legal Title Trust 2015-1 v Morales, 211 AD3d 866, 867).
In light of the above, "[a]lthough the statute of limitations had expired by the time the plaintiff moved for an extension of time to effectuate service, a factor that usually would weigh in the plaintiff's favor, the record demonstrates that the lengthy delay in this action was attributable to the plaintiff's overall extreme lack of diligence" (US Bank N.A. v Fink, 206 AD3d at 861; see PROF-2013-M4 Legal Title Trust 2015-1 v Morales, 211 AD3d at 867; Federal Natl. Mtge. Assn. v Cassis, 187 AD3d 1145, 1148).
Further, the plaintiff failed to rebut the inference of substantial prejudice that arose due to the protracted delay, as it failed to provide any evidence that Raymond had actual notice of the action within the 120-day service period (see HSBC Bank USA, N.A. v Labin, 232 AD3d at 864; Pierre v Grueso, 219 AD3d at 1536; US Bank N.A. v Fink, 206 AD3d at 861; cf. PNC Bank, N.A. v Sarfaty, 225 AD3d at 723; U.S. Bank N.A. v Bindra, 217 AD3d at 720).
Accordingly, the Supreme Court providently exercised its discretion in granting that branch of Raymond's motion which was pursuant to CPLR 306-b to dismiss the complaint insofar as asserted against him and in denying that branch of the plaintiff's cross-motion which was pursuant to CPLR 306-b to extend the time to serve the summons and complaint upon Raymond.
GENOVESI, J.P., BRATHWAITE NELSON, VENTURA and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court