Wells Fargo Bank, N.A. v Fameux (2022 NY Slip Op 00464)





Wells Fargo Bank, N.A. v Fameux


2022 NY Slip Op 00464


Decided on January 26, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 26, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
FRANCESCA E. CONNOLLY
SYLVIA O. HINDS-RADIX
LARA J. GENOVESI, JJ.


2019-12774
 (Index No. 7603/08)

[*1]Wells Fargo Bank, National Association, etc., appellant,
v
Fritz Fameux, respondent, et al., defendants.


Hinshaw & Culbertson LLP, New York, NY (Melisa Zukic and Schuyler B. Kraus of counsel), for appellant.
Brooklyn Legal Services, Brooklyn, NY (Catherine P. Isobe of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Kings County (Ingrid Joseph, J.), dated August 16, 2019. The order granted the motion of the defendant Fritz Fameux pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against him for lack of personal jurisdiction and, in effect, denied the plaintiff's cross application pursuant to CPLR 306-b for a second extension of time to serve the summons and complaint upon that defendant.
ORDERED that on the Court's own motion, the notice of appeal from so much of the order as, in effect, denied the plaintiff's cross application pursuant to CPLR 306-b for a second extension of time to serve the summons and complaint upon the defendant Fritz Fameux is deemed to be an application for leave to appeal from that portion of the order, and leave to appeal is granted (see CPLR 5701[c]); and it is further,
ORDERED that the order is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the defendant Fritz Fameux.
In March 2008, the plaintiff commenced this action against the defendant Fritz Fameux (hereinafter the defendant), among others, to foreclose a mortgage encumbering certain real property located in Brooklyn (hereinafter the subject premises). By order dated May 13, 2013, the Supreme Court directed dismissal of this action. Two years later, the plaintiff moved to vacate the dismissal, and the defendant cross-moved for leave to serve a late answer. By order dated November 12, 2015, the court granted the plaintiff's motion and the defendant's cross motion. In an answer dated December 1, 2015, the defendant asserted the defense of lack of personal jurisdiction based upon improper service of process, and in February 2016, the defendant moved to dismiss the complaint insofar as asserted against him for, inter alia, lack of personal jurisdiction upon the ground that he was not properly served in the action. By order dated May 17, 2017, the court, after a hearing, inter alia, to determine the validity of service of process, determined that the plaintiff failed to sustain its burden of establishing the validity of service of process on the defendant and directed [*2]dismissal of the complaint insofar as asserted against him for lack of personal jurisdiction. In an order dated October 25, 2017, the court granted the plaintiff an extension of time to serve the defendant pursuant to CPLR 306-b.
By notice of motion dated August 3, 2018, the defendant moved pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against him for lack of personal jurisdiction, contending that the plaintiff failed to serve him within 120 days of the order extending the plaintiff's time to do so. In support of his motion, the defendant submitted, among other things, affidavits of service from the plaintiff's process servers, which stated that copies of the summons and complaint were left with a person of suitable age and discretion at the subject premises on April 20, 2018, and the summons and complaint were mailed to the subject premises on April 23, 2018. The plaintiff opposed the defendant's motion, and requested that the Supreme Court deem the summons and complaint timely served nunc pro tunc, or in the alternative, extend its time to serve the defendant pursuant to CPLR 306-b. In the order appealed from, the court granted the defendant's motion pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against him for lack of personal jurisdiction and, in effect, denied the plaintiff's cross application pursuant to CPLR 306-b. The plaintiff appeals.
Generally, service of a summons and complaint must be made within 120 days after the commencement of the action (see CPLR 306-b). Pursuant to CPLR 306-b, a court may, in the exercise of discretion, grant an extension of time within which to effect service for good cause shown or in the interest of justice (see Leader v Maroney, Ponzini & Spencer, 97 NY2d 95, 104; State of New York Mtge. Agency v Braun, 182 AD3d 63, 66; Bumpus v New York City Tr. Auth., 66 AD3d 26, 31). Good cause and interest of justice are two separate and independent statutory standards (see Leader v Maroney, Ponzini & Spencer, 97 NY2d at 104; Bumpus v New York City Tr. Auth., 66 AD3d at 31).
To establish good cause, a plaintiff must demonstrate reasonable diligence in attempting service (see Leader v Maroney, Ponzini & Spencer, 97 NY2d at 105-106; Bumpus v New York City Tr. Auth., 66 AD3d at 31). Contrary to the plaintiff's contention, it failed to establish that it exercised reasonably diligent efforts in attempting to effectuate proper service upon the defendant within 120 days after it was granted the extension to serve the defendant, and thus failed to show good cause for the grant of another extension (see Federal Natl. Mtge. Assn. v Cassis, 187 AD3d 1145, 1147; Wells Fargo Bank, N.A. v Kaul, 180 AD3d 956, 958; Nationstar Mtge., LLC v Wilson, 176 AD3d 1087, 1089; Wells Fargo Bank, NA v Barrella, 166 AD3d 711, 714).
Further, the plaintiff failed to establish that another extension of time was warranted in the interest of justice. In considering the interest of justice standard, "'the court may consider diligence, or lack thereof, along with any other relevant factor in making its determination, including expiration of the Statute of Limitations, the meritorious nature of the cause of action, the length of delay in service, the promptness of a plaintiff's request for the extension of time, and prejudice to the defendant'" (State of New York Mtge. Agency v Braun, 182 AD3d at 66-67, quoting Leader v Maroney, Ponzini & Spencer, 97 NY2d at 105-106). Here, the plaintiff has exhibited an unreasonable lack of diligence in the prosecution of this action, including in the attempt to effectuate service of process on the defendant (see Jung Hun Cho v Bovasso, 166 AD3d 868, 870). Although the plaintiff had notice that the defendant was contesting service of the summons and complaint in the action as early as February 2016 when the defendant moved to dismiss the complaint, the plaintiff failed to seek an extension of time to serve him until after the Supreme Court granted the defendant's first motion to dismiss the complaint insofar as asserted against him (see Federal Natl. Mtge. Assn. v Cassis, 187 AD3d 1145). Even after the court granted the plaintiff an extension of time to serve the defendant, the plaintiff failed to attempt service on him within 120 days of that extension (see JPMorgan Chase Bank, N.A. v Gluck, 195 AD3d 904, 906; Williams v St. John's Episcopal Hosp., 173 AD3d 1117, 1119; Kazimierski v New York Univ., 18 AD3d 820. 820). Moreover, the plaintiff submitted no evidence that the defendant had actual notice of the action within 120 days of its commencement (see Federal Natl Mtge. Assn v Cassis, 187 AD3d at 1148).
Accordingly, the Supreme Court properly granted the defendant's motion pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against him for lack of personal [*3]jurisdiction, and providently exercised its discretion by, in effect, denying the plaintiff's cross application pursuant to CPLR 306-b for a second extension of time to serve the summons and complaint upon the defendant.
DUFFY, J.P., CONNOLLY, HINDS-RADIX and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court