Wells Fargo Bank, N.A. v Gewirtz (2022 NY Slip Op 02832)

Wells Fargo Bank, N.A. v Gewirtz

2022 NY Slip Op 02832

Decided on April 27, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 27, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
COLLEEN D. DUFFY
VALERIE BRATHWAITE NELSON
LINDA CHRISTOPHER, JJ.

2019-09565
 (Index No. 508070/14)

[*1]Wells Fargo Bank, N.A., appellant, 
v
Amy R. Gewirtz, et al., respondents, et al., defendants. 

LOGS Legal Group LLP (Reed Smith LLP, New York, NY [Andrew B. Messite, Joseph B. Teig, and James Faller], of counsel), for appellant.
Bronstein, Gewirtz & Grossman, LLC, New York, NY (Edward N. Gewirtz pro se of counsel), for respondents.

DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Kings County (Noach Dear, J.), dated July 12, 2019. The order, after a hearing to determine the validity of service of process, granted the motion of the defendants Amy R. Gewirtz and Edward N. Gewirtz pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against them for lack of personal jurisdiction and denied that branch of the plaintiff's cross motion which was pursuant to CPLR 306-b to extend the time to serve those defendants.
ORDERED that the order is affirmed, with costs.
The defendants Amy R. Gewirtz and Edward N. Gewirtz (hereinafter together the defendants) executed a note in the sum of $382,500, which was secured by a mortgage on residential property located in Brooklyn (hereinafter the subject premises). In 2014, the plaintiff commenced this action against the defendants, among others, to foreclose the mortgage, alleging that the defendants defaulted in the monthly payment obligations due on the note beginning in 2009. After interposing an answer, the defendants moved pursuant to CPLR 3211(a)(8) to dismiss the complaint
insofar as asserted against them for lack of personal jurisdiction due to improper service, and the plaintiff cross-moved pursuant to CPLR 306-b to extend the time to serve the defendants. In an order dated January 5, 2016, the Supreme Court found, after a hearing to determine the validity of service of process, that the plaintiff failed to establish proper service on the defendants and granted the plaintiff's cross motion to extend the time to serve the defendants.
Subsequently, the plaintiff attempted service upon the defendants at the subject premises pursuant to CPLR 308(4). Thereafter, the defendants again moved pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against them for lack of personal jurisdiction due to improper service, and the plaintiff again cross-moved, inter alia, pursuant to CPLR 306-b to extend the time to serve the defendants. A hearing to determine the validity of service of process was held before a referee, who found that the plaintiff failed to prove the attempted service was at the defendants' actual place of dwelling and that service was not properly effectuated pursuant to CPLR 308(4). In an order dated July 12, 2019, the Supreme Court denied that branch of the [*2]plaintiff's cross motion which was to extend the time to serve the defendants and granted the defendants' motion to dismiss the complaint insofar as asserted against them. The plaintiff appeals.
"At a hearing to determine the validity of service of process, the burden of proving personal jurisdiction is upon the party asserting it, and that party must sustain that burden by a preponderance of the credible evidence" (Grand Pac. Mtge. Corp. v Pietranski, 175 AD3d 1503, 1505). Here, the evidence presented at the hearing showed that the process server failed to properly serve the defendants pursuant to CPLR 308(4), as service was not made upon the defendants at their actual place of business or dwelling. As the plaintiff failed to establish by a preponderance of the credible evidence that personal jurisdiction was acquired over the defendants, the Supreme Court properly granted the defendants' motion to dismiss the complaint insofar as asserted against them (see Grand Pac. Mtge. Corp. v Pietranski, 175 AD3d at 1505).
Contrary to the plaintiff's contention, the Supreme Court providently exercised its discretion in denying that branch of the plaintiff's cross motion which was pursuant to CPLR 306-b to extend the time to serve the defendants. Pursuant to CPLR 306-b, a court may, in the exercise of its discretion, grant a motion for an extension of time within which to effect service of the summons and complaint for good cause shown or in the interest of justice (see Leader v Maroney, Ponzini & Spencer, 97 NY2d 95, 104-105; Wells Fargo Bank, N.A. v Figueroa, 171 AD3d 987, 988). "Good cause will not exist where a plaintiff . . . fails to make at least a reasonably diligent effort at service" (Bumpus v New York City Tr. Auth., 66 AD3d 26, 32 [citations omitted]). Under the interest of justice standard, "the court may consider diligence, or lack thereof, along with any other relevant factor in making its determination, including expiration of the Statute of Limitations, the meritorious nature of the cause of action, the length of delay in service, the promptness of a plaintiff's request for the extension of time, and prejudice to [the] defendant" (Leader v Maroney, Ponzini & Spencer, 97 NY2d at 105-106).
Here, the plaintiff failed to establish that it exercised reasonably diligent efforts in attempting to effectuate proper service upon the defendants and, thus, failed to show good cause (see Nationstar Mtge., LLC v Wilson, 176 AD3d 1087, 1089; Hobbins v North Star Orthopedics, PLLC, 148 AD3d 784, 787-788). Further, the plaintiff failed to establish entitlement to an extension of time in the interest of justice (see Nationstar Mtge., LLC v Wilson, 176 AD3d at 1089-1090).
The plaintiff's remaining contention is without merit.
DILLON, J.P., DUFFY, BRATHWAITE NELSON and CHRISTOPHER, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court