Prof-2013-M4 Legal Tit. Trust 2015-1 v Morales (2022 NY Slip Op 07086)

Prof-2013-M4 Legal Tit. Trust 2015-1 v Morales

2022 NY Slip Op 07086

Decided on December 14, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 14, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
JOSEPH J. MALTESE
LINDA CHRISTOPHER
JANICE A. TAYLOR, JJ.

2019-12189
 (Index No. 12014/13)

[*1]Prof-2013-M4 Legal Title Trust 2015-1, etc., appellant,
v
Alberto Morales, et al., defendants, David Cohn, respondent.

Adam Leitman Bailey, P.C., New York, NY (Jeffrey R. Metz, Jaclyn Halpern Weinstein, and Danny Ramrattan of counsel), for appellant.
Shiryak, Bowman, Anderson, Gill & Kadochnikov, LLP, Kew Gardens, NY (Matthew J. Routh of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Kings County (Ingrid Joseph, J.), dated June 19, 2019. The order granted that branch of the motion of the defendant David Cohn which was pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against him, and denied the plaintiff's cross motion pursuant to CPLR 306-b to extend the time to serve the summons and complaint upon that defendant.
ORDERED that the order is affirmed, with costs.
In 2013, First Horizon Home Loans (hereinafter First Horizon), predecessor to the plaintiff, commenced this action against, among others, the defendant David Cohn, sued as "Cohn David," to foreclose a mortgage encumbering real property in Brooklyn. In January 2019, Cohn moved, inter alia, pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against him on the ground that the plaintiff failed to serve him with the summons and complaint. Thereafter, the plaintiff cross-moved pursuant to CPLR 306-b to extend its time to serve Cohn. The Supreme Court granted that branch of Cohn's motion which was pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against him and denied the plaintiff's cross motion. The plaintiff appeals. We affirm.
"Pursuant to CPLR 306-b, a court may, in the exercise of its discretion, grant a motion for an extension of time within which to effect service of the summons and complaint for good cause shown or in the interest of justice" (Wells Fargo Bank, N.A. v Gewirtz, 204 AD3d 1070, 1072; see Deutsche Bank Natl. Trust Co. v Campbell, 172 AD3d 1310, 1312). "Good cause and interest of justice are two separate and independent statutory standards" (Wells Fargo Bank, N.A. v Fameux, 201 AD3d 1012, 1013; see US Bank N.A. v Fink, 206 AD3d 858, 860). "To establish good cause, a plaintiff must demonstrate reasonable diligence in attempting service" (Wells Fargo Bank, N.A. v Fameux, 201 AD3d at 1014; see Deutsche Bank Natl. Trust Co. v Campbell, 172 AD3d at 1312). In considering whether the interest of justice warrants an extension of time for service, "the court may consider diligence, or lack thereof, along with any other relevant factor in making its determination, including expiration of the Statute of Limitations, the meritorious nature of the cause of action, the length of delay in service, the promptness of a plaintiff's request for the extension of time, and prejudice to [the] defendant" (Leader v Maroney, Ponzini & Spencer, 97 NY2d 95, 105-106; see Wells Fargo Bank, N.A. v Gewirtz, 204 AD3d at 1072).
Here, the Supreme Court providently exercised its discretion in denying the plaintiff's cross motion pursuant to CPLR 306-b to extend its time to serve Cohn. Contrary to the plaintiff's contention, the plaintiff failed to establish that it exercised reasonably diligent efforts in attempting to effectuate proper service upon Cohn and, thus, failed to show good cause (see Wells Fargo Bank, N.A. v Gewirtz, 204 AD3d at 1072). Further, the plaintiff failed to establish its entitlement to an extension of time to serve Cohn in the interest of justice (see Chase Home Fin., LLC v Berger, 185 AD3d 1000, 1002). The plaintiff failed to offer any reasonable excuse for its delay of over five years in moving to extend the time to serve Cohn after the expiration of the 120-day service period allowed under CPLR 306-b (see US Bank N.A. v Fink, 206 AD3d at 860; Wells Fargo Bank, N.A. v McCarthy, 195 AD3d 983, 985). Moreover, even after Cohn commenced a quiet title action in 2018, revealing that he, not "Cohn David" owned the real property at issue, the plaintiff still failed to move to extend the time to serve Cohn for almost a year, and only moved in response to Cohn's motion, inter alia, to dismiss the complaint insofar as asserted against him.
Although the statute of limitations had expired by the time the plaintiff cross-moved for an extension of time to serve Cohn, the record demonstrates that the lengthy delay in this action was attributable to the plaintiff's overall extreme lack of diligence (see US Bank N.A. v Fink, 206 AD3d at 861; Wells Fargo Bank, N.A. v Kaul, 180 AD3d 956, 959). Additionally, there is no evidence that Cohn had actual notice of the action within the 120-day service period, and the plaintiff failed to rebut the inference of substantial prejudice to Cohn that arose due to its protracted delay in this action (see US Bank N.A. v Fink, 206 AD3d at 861; Wells Fargo Bank, N.A. v Kaul, 180 AD3d at 959).
The parties' remaining contentions are either academic in light of our determination or without merit.
DUFFY, J.P., MALTESE, CHRISTOPHER and TAYLOR, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court