Deutsche Bank Natl. Trust Co. v Martinez (2022 NY Slip Op 07219)

Deutsche Bank Natl. Trust Co. v Martinez

2022 NY Slip Op 07219

Decided on December 21, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 21, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
PAUL WOOTEN
JOSEPH A. ZAYAS
LILLIAN WAN, JJ.

2019-11260
 (Index No. 31234/13)

[*1]Deutsche Bank National Trust Company, etc., appellant, 
v
Jose M. Martinez, respondent, et al., defendants.

Locke Lord, LLP, New York, NY (Aileen E. McTiernan and Shawn A. Brenhouse of counsel), for appellant.
Jose M. Martinez, North Miami, Florida, respondent pro se.

DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Rockland County (Robert M. Berliner, J.), dated August 26, 2019. The order, in effect, denied the plaintiff's application pursuant to CPLR 306-b to extend the time to serve the defendant Jose M. Martinez with the summons and complaint, granted that defendant's motion to confirm a referee's report dated March 26, 2019, and, in effect, granted that defendant's separate motion pursuant to CPLR 5015(a)(4) to vacate a judgment of foreclosure and sale dated March 28, 2017, and pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against him for lack of personal jurisdiction.
ORDERED that on the Court's own motion, the notice of appeal from so much of the order as, in effect, denied the plaintiff's application pursuant to CPLR 306-b to extend the time to serve the defendant Jose M. Martinez with the summons and complaint is deemed to be an application for leave to appeal from that portion of the order, and leave to appeal is granted (see CPLR 5701[c]); and it is further,
ORDERED that the order is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the defendant Jose M. Martinez.
On September 2, 2005, the defendant Jose M. Martinez (hereinafter the defendant) executed a note in favor of nonparty WMC Mortgage Corp. in the principal sum of $311,200, which was secured by a mortgage encumbering certain real property in Garnerville (hereinafter the property). In March 2013, the plaintiff, as the alleged holder of the note and mortgage, commenced this action to foreclose the mortgage against, among others, the defendant. According to an affidavit of service, the plaintiff's process server purportedly effectuated service of the summons and complaint on the defendant on March 18, 2013, pursuant to CPLR 308(2) by service upon a person of suitable age and discretion at the property. The defendant failed to answer the complaint. In an order dated October 26, 2016, the Supreme Court, inter alia, granted those branches of the plaintiff's motion which were for leave to enter a default judgment against the defendant and for an order of reference. On March 28, 2017, the court issued a judgment of foreclosure and sale.
On May 4, 2017, the defendant moved pursuant to CPLR 5015(a)(4) to vacate the judgment of foreclosure and sale and pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against him for lack of personal jurisdiction. In a supporting affidavit, the defendant averred that he had moved from New York to Florida in July 2011, and remained a resident of Florida through the purported date of service in March 2013. In support of the motion, the defendant submitted, inter alia, (1) a declaration of domicile sworn to July 13, 2012, wherein the defendant attested that he had changed his domicile to Florida in July 2011, and (2) a letter from the Office of the New York State Comptroller dated May 4, 2012, confirming the defendant's change of address to Florida. In an order dated April 24, 2018, the Supreme Court directed a hearing to determine the validity of service of process on the defendant. The hearing commenced on May 22, 2018, and concluded on September 19, 2018.
On October 15, 2018, the plaintiff moved, for the first time, pursuant to CPLR 306-b for an extension of time to serve the defendant. In an order dated February 19, 2019, the Supreme Court denied the plaintiff's motion. The plaintiff did not appeal from that order.
In a referee's report dated March 26, 2019, the referee who presided over the hearing found that the defendant was not validly served with the summons and complaint. On April 17, 2019, the defendant moved to confirm the referee's report. In an opposing affirmation dated June 5, 2019, the plaintiff sought an extension of time to serve the defendant pursuant to CPLR 306-b. In an order dated August 26, 2018, the Supreme Court (1) granted the defendant's motion to confirm the referee's report, (2) in effect, denied the plaintiff's application pursuant to CPLR 306-b for an extension of time to serve the defendant, and (3) in effect, granted the defendant's prior motion pursuant to CPLR 5015(a)(4) to vacate the judgment of foreclosure and sale and pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against him for lack of personal jurisdiction. The plaintiff appeals.
Generally, service of a summons and complaint must be made within 120 days after the commencement of the action (see CPLR 306-b). "If service is not made upon a defendant within the time provided in [CPLR 306-b], the court, upon motion, shall dismiss the action without prejudice as to that defendant, or upon good cause shown or in the interest of justice, extend the time for service" (id. § 306-b). To establish "good cause," a plaintiff must demonstrate reasonable diligence in attempting service (see Leader v Maroney, Ponzini & Spencer, 97 NY2d 95, 105-106). Here, the plaintiff failed to offer any evidence demonstrating that it exercised reasonably diligent efforts in attempting to effectuate proper service upon the defendant, and thus, failed to show good cause (see Citibank, N.A. v Martinez, 197 AD3d 1086, 1087; Estate of Fernandez v Wyckoff Hgts. Med. Ctr., 162 AD3d 742, 743).
Further, the plaintiff failed to establish that an extension of time to serve the defendant was warranted in the interest of justice. "Under the interest of justice standard, 'the court may consider diligence, or lack thereof, along with any other relevant factor in making its determination, including expiration of the Statute of Limitations, the meritorious nature of the cause of action, the length of delay in service, the promptness of a plaintiff's request for the extension of time, and prejudice to [the] defendant'" (Wells Fargo Bank, N.A. v Gewirtz, 204 AD3d 1070, 1072, quoting Leader v Maroney, Ponzini & Spencer, 97 NY2d at 105-106). Here, the plaintiff was on notice of the alleged defect in service in May 2017 when the defendant moved to vacate the judgment of foreclosure and sale and to dismiss the complaint insofar as asserted against him for lack of personal jurisdiction. Despite that notice, the plaintiff waited nearly a year and a half until October 2018 to make its initial motion for an extension of time to serve the defendant, and around one month after the hearing had concluded. Further, the plaintiff waited over two years from receiving notice of the alleged defect in service to make the subject application for an extension of time to serve the defendant, which was also made over eight months after the conclusion of the hearing and over two months after the referee's report was issued finding that service was invalid. Moreover, the plaintiff submitted no evidence that the defendant had actual notice of the action within 120 days of its commencement. Thus, under the circumstances presented, the plaintiff failed to demonstrate that an extension was warranted in the interest of justice (see Wells Fargo Bank, N.A. v Fameux, 201 AD3d 1012, 1014; Federal Natl. Mtge. Assn. v Cassis, 187 AD3d 1145, 1148; Wells [*2]Fargo Bank, N.A. v Kaul, 180 AD3d 956, 959).
Accordingly, the Supreme Court providently exercised its discretion in denying the plaintiff's application pursuant to CPLR 306-b for an extension of time to serve the defendant with the summons and complaint.
The plaintiff's remaining contentions are without merit.
CHAMBERS, J.P., WOOTEN, ZAYAS and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court