HSBC Bank USA, N.A. v Labin (2024 NY Slip Op 05963)

HSBC Bank USA, N.A. v Labin

2024 NY Slip Op 05963

Decided on November 27, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 27, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
CHERYL E. CHAMBERS
LARA J. GENOVESI
LOURDES M. VENTURA, JJ.

2022-07780
 (Index No. 500343/13)

[*1]HSBC Bank USA, N.A., respondent,
v
Esther Labin, etc., appellant, et al., defendants.

Rosenberg Fortuna & Laitman, LLP, Garden City, NY (Anthony R. Filosa of counsel), for appellant.
LOGS Legal Group LLP, Rochester, NY (Ellis M. Oster of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Esther Labin appeals from an order of the Supreme Court, Kings County (Larry D. Martin, J.), dated August 1, 2022. The order, insofar as appealed from, granted that branch of the plaintiff's motion which was pursuant to CPLR 306-b to extend the time to serve the summons and complaint upon the defendant Esther Labin and denied that defendant's motion pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against her.
ORDERED that the order is reversed insofar as appealed from, on the law and in the exercise of discretion, with costs, that branch of the plaintiff's motion which was pursuant to CPLR 306-b to extend the time to serve the summons and complaint upon the defendant Esther Labin is denied, and that defendant's motion pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against her is granted.
In January 2013, the plaintiff commenced this action against, among others, the defendant Esther Labin (hereinafter the defendant) to foreclose a mortgage on certain real property located in Brooklyn. Thereafter, the plaintiff purportedly effectuated service upon the defendant pursuant to CPLR 308(2) on two occasions, first at the mortgaged premises and then at an adjacent premises. The defendant failed to appear or answer the complaint. In or around October 2018, the plaintiff moved, inter alia, for leave to enter a default judgment against the defendant and for an order of reference. Approximately one month later, the defendant moved pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against her. Before rendering a final determination on either motion, the Supreme Court referred the issue of whether the plaintiff properly effectuated service upon the defendant to a special referee to hear and report. In August 2019, after a hearing, the special referee issued a report finding that the plaintiff had failed to properly effectuate service. The following month, the plaintiff moved, among other things, pursuant to CPLR 306-b to extend the time to serve the summons and complaint upon the defendant. By order dated August 1, 2022, the court, among other things, denied the defendant's motion pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against her, and granted that branch of the plaintiff's motion which was pursuant to CPLR 306-b to extend the time to serve the summons and complaint upon the defendant. The defendant appeals.
Generally, service of a summons and complaint must be made within 120 days after [*2]the commencement of the action (see id. § 306-b). Whether to grant "[a]n extension of time" to effectuate "service is a matter within the court's discretion" (Leader v Maroney, Ponzini & Spencer, 97 NY2d 95, 101). "Pursuant to CPLR 306-b, a court may, in the exercise of discretion, grant an extension of time within which to effect service for good cause shown or in the interest of justice" (Wells Fargo Bank, N.A. v Fameux, 201 AD3d 1012, 1013). "'Good cause' and 'interest of justice' are two separate and independent statutory standards" (US Bank N.A. v Fink, 206 AD3d 858, 860). "To establish good cause, a plaintiff must demonstrate reasonable diligence in attempting service" (Gooden v New York City Health & Hosps. Corp., 216 AD3d 1143, 1145 [internal quotation marks omitted]). "Good cause will not exist where a plaintiff fails to make any effort at service, or fails to make at least a reasonably diligent effort at service. By contrast, good cause may be found to exist where the plaintiff's failure to timely serve process is a result of circumstances beyond the plaintiff's control" (Bumpus v New York City Tr. Auth., 66 AD3d 26, 32 [citations omitted]).
Contrary to the plaintiff's contention, it failed to "demonstrate reasonable diligence in attempting to effect service" and, therefore, it was not entitled to an extension for good cause (Gooden v New York City Health & Hosps. Corp., 216 AD3d at 1145; cf. Wilmington Sav. Fund Socy., FSB v James, 174 AD3d 835, 837-838). By the time the plaintiff moved for an extension of time, "the Supreme Court had already determined that the defendant presented sufficient evidence to warrant a hearing on the validity of service of process," and the special referee had already found that service was improper (Countrywide Home Loans, Inc. v Lyons, 219 AD3d 1404, 1406; see Estate of Fernandez v Wyckoff Hgts. Med. Ctr., 162 AD3d 742, 743). The plaintiff also failed to show that it had made any "efforts to locate" the defendant and confirm her place of residence, such as by submitting "evidence of . . . records searches" (Emigrant Bank v Estate of Robinson, 144 AD3d 1084, 1085; see Frank v Garcia, 84 AD3d 654, 654-655; Estate of Waterman v Jones, 46 AD3d 63, 66). Since the plaintiff did not demonstrate that its failure to properly effectuate service within the 120-day period following the commencement of this action was due to "circumstances beyond [its] control," it was not entitled to an extension for good cause (Bumpus v New York City Tr. Auth., 66 AD3d at 32).
"If good cause for an extension is not established, the court must consider the broader interest of justice standard of CPLR 306-b" (Wells Fargo Bank, N.A. v Ciafone, 188 AD3d 957, 958). "Th[is] more flexible . . . standard accommodates late service that might be due to mistake, confusion, or oversight, so long as there is no prejudice to the defendant" (U.S. Bank N.A. v Bindra, 217 AD3d 719, 720). "[I]n deciding whether to grant a motion to extend the time for service in the interest of justice, the court must carefully analyze the factual setting of the case and a balancing of the competing interests presented by the parties" (Wells Fargo Bank, N.A. v Kaul, 180 AD3d 956, 958 [internal quotation marks omitted]). In contrast to the good cause standard, "the interest of justice . . . standard . . . does not require a showing of [reasonable diligence], and [instead] permits the court to consider many factors" (Feng Li v Peng, 190 AD3d 950, 952). The court "may consider diligence," however, "along with other factors, including the expiration of the statute of limitations, the meritorious nature of the action, the length of delay in service, the promptness of a request by the plaintiff for an extension, and prejudice to the defendant" (Wilmington Sav. Fund Socy., FSB v James, 174 AD3d at 837 [internal quotation marks omitted]). "No one factor is determinative" (Wells Fargo Bank, NA v Barrella, 166 AD3d 711, 713-714 [internal quotation marks omitted]).
Here, the plaintiff was on notice in December 2018 that service upon the defendant allegedly was defective when the defendant moved to dismiss the complaint for lack of personal jurisdiction. The plaintiff nonetheless waited nearly 10 months thereafter to move for an extension of time to serve the defendant. Moreover, the plaintiff's motion was made more than two months after the hearing before the special referee concluded, even though the evidence at the hearing demonstrated that the defendant had been residing in Canada for decades (see Deutsche Bank Natl. Trust Co. v Martinez, 211 AD3d 909, 911-912; Federal Natl. Mtge. Assn. v Cassis, 187 AD3d 1145, 1148). Although the statute of limitations had already expired by the time the plaintiff moved for an extension of time, the plaintiff failed to demonstrate that it diligently prosecuted this action (see PROF-2013-M4 Legal Title Trust 2015-1 v Morales, 211 AD3d 866, 867; Federal Natl. Mtge. Assn. v Cassis, 187 AD3d at 1148). "Moreover, . . . the plaintiff submitted no evidence that [the defendant] had actual notice of the action against her within the 120-day service period" (Federal Natl. Mtge. Assn. v Cassis, 187 AD3d at 1148). Further, the plaintiff failed to rebut the inference [*3]of substantial prejudice to the defendant that arose from the protracted delay in obtaining such notice (see Wells Fargo Bank, NA v Barrella, 166 AD3d at 714). Accordingly, the Supreme Court improvidently exercised its discretion in granting that branch of the plaintiff's motion which was pursuant to CPLR 306-b to extend the time to serve the summons and complaint upon the defendant.
Since the defendant was not properly served with the summons and complaint and the plaintiff failed to demonstrate entitlement to an extension of time to effectuate service, the Supreme Court should have granted the defendant's motion pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against her. "The court does not have personal jurisdiction over a defendant when a plaintiff fails to properly effectuate service of process. In those instances in which process has not been served upon a defendant, all subsequent proceedings will be rendered null and void" (Christiana Trust v Leriche, 219 AD3d 564, 566).
The plaintiff's contention that the defendant waived any objection to personal jurisdiction is improperly raised for the first time on appeal (see CIT Group/Consumer Fin., Inc. v Kaiser, 206 AD3d 791, 793; Wells Fargo Bank v Islam, 174 AD3d 670, 671-672).
BARROS, J.P., CHAMBERS, GENOVESI and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court