OneWest Bank, FSB v Singer (2025 NY Slip Op 01940)

OneWest Bank, FSB v Singer

2025 NY Slip Op 01940

Decided on April 2, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 2, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
FRANCESCA E. CONNOLLY
PAUL WOOTEN
LOURDES M. VENTURA, JJ.

2022-06100
 (Index No. 31653/09)

[*1]OneWest Bank, FSB, appellant, 
v
Solomon Singer, respondent, et al., defendants.

McCarter & English, LLP, New York, NY (Adam M. Swanson and Jessie D. Bonaros of counsel), for appellant.
Law Office of Samuel Katz, PLLC, Brooklyn, NY (Joseph J. Schwartz of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Kings County (Lawrence Knipel, J.), dated July 7, 2022. The order, insofar as appealed from, denied the plaintiff's motion pursuant to CPLR 5015(a) to vacate an order of the same court (David I. Schmidt, J.) dated August 14, 2012, directing dismissal of the complaint on the ground that the plaintiff failed to comply with Administrative Order of the Chief Administrative Judge of the Courts AO/431/11 and to restore the action to the calendar, and denied the plaintiff's separate motion pursuant to CPLR 306-b to extend the time to serve the defendant Solomon Singer with the summons and complaint.
ORDERED that the order dated July 7, 2022, is affirmed insofar as appealed from, with costs.
In December 2009, the plaintiff commenced this action against, among others, the defendant Solomon Singer to foreclose a mortgage encumbering certain real property located in Brooklyn (hereinafter the property). Singer never answered the complaint. In June 2010, the plaintiff moved, inter alia, for an order of reference. In May 2012, the Supreme Court notified the plaintiff that the complaint would be dismissed unless the plaintiff corrected the proposed order of reference to include certain information required by Administrative Order of the Chief Administrative Judge of the Courts AO/431/11 (hereinafter the Administrative Order), issued in March 2011. In an order dated August 14, 2012 (hereinafter the August 2012 dismissal order), the court directed dismissal of the complaint on the ground that the plaintiff failed to comply with the Administrative Order.
In 2013, the plaintiff commenced a second action against Singer, among others, to foreclose the same mortgage encumbering the property (hereinafter the 2013 action). The complaint in the 2013 action was thereafter dismissed on the ground that the plaintiff failed to attend scheduled court conferences (see OneWest Bank, FSB v Singer, 153 AD3d 714).
In August 2021, nine years after the August 2012 dismissal order, the plaintiff moved pursuant to CPLR 5015(a) to vacate the August 2012 dismissal order and to restore the action to the [*2]calendar. Singer opposed and cross-moved, among other things, pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against him for lack of personal jurisdiction. Singer alleged, inter alia, that he was never personally served with process in the action. In May 2022, the plaintiff moved pursuant to CPLR 306-b to extend the time to serve Singer with the summons and complaint. In an order dated July 7, 2022 (hereinafter the July 2022 order), the Supreme Court, among other things, denied the plaintiff's two motions. The plaintiff appeals.
Pursuant to CPLR 5015(a)(1), a court may relieve a party from a judgment or order on the ground of excusable default, if a motion for that relief is made within one year after service of a copy of the judgment or order with written notice of entry (see Federal Natl. Mtge. Assn. v Mack, 188 AD3d 655, 656). Although "a court may vacate its own judgment for sufficient reason and in the interests of substantial justice" even after expiration of the one-year limitations period set forth in CPLR 5015 (Woodson v Mendon Leasing Corp., 100 NY2d 62, 68; see LaSalle Bank, N.A. v Delice, 175 AD3d 1283, 1283), where a movant fails to demonstrate a reasonable excuse for the lengthy delay in moving to vacate the order or judgment, there is no basis to extend the one-year period in the exercise of discretion (see Bank of N.Y. Mellon v Geffrard, 215 AD3d 723, 724; U.S. Banks N.A. v Bien-Aime, 123 AD3d 696, 697).
Here, the plaintiff's motion, inter alia, to vacate the August 2012 dismissal order was untimely since it was not made within one year after service upon the plaintiff of a copy of the August 2012 dismissal order with written notice of entry (see Bank of N.Y. Mellon v Geffrard, 215 AD3d at 724; Federal Natl. Mtge. Assn. v Mack, 188 AD3d at 656). Further, since the plaintiff failed to demonstrate a reasonable excuse for its lengthy delay in moving to vacate the August 2012 dismissal order, there was no basis to extend the one-year period in the exercise of discretion (see Deutsche Bank Natl. Trust Co. v Velazquez, 213 AD3d 807; LaSalle Bank, N.A. v Delice, 175 AD3d at 1284).
For similar reasons, the Supreme Court providently exercised its discretion in denying the plaintiff's motion to extend the time to serve Singer with the summons and complaint. "Pursuant to CPLR 306-b, a court may, in the exercise of its discretion, grant a motion for an extension of time within which to effect service of the summons and complaint for good cause shown or in the interest of justice" (Wells Fargo Bank, N.A. v Gewirtz, 204 AD3d 1070, 1072; see Deutsche Bank Natl. Trust Co. v Martinez, 211 AD3d 909, 911). "Good cause and interest of justice are two separate and independent statutory standards" (Wells Fargo Bank, N.A. v Fameux, 201 AD3d 1012, 1013). Good cause requires a showing of reasonable diligence in attempting to effect service (see Wells Fargo Bank, N.A. v Gewirtz, 204 AD3d at 1072; Wells Fargo Bank, N.A. v Fameux, 201 AD3d at 1014). In deciding whether to grant a motion to extend the time for service in the interest of justice, the court must carefully analyze "the factual setting of the case and . . . balanc[e] . . . the competing interests presented by the parties. Unlike an extension request premised on good cause, a plaintiff need not establish reasonably diligent efforts at service as a threshold matter" (Leader v Maroney, Ponzini & Spencer, 97 NY2d 95, 105). "Under the interest of justice standard, 'the court may consider diligence, or lack thereof, along with any other relevant factor in making its determination, including expiration of the Statute of Limitations, the meritorious nature of the cause of action, the length of delay in service, the promptness of a plaintiff's request for the extension of time, and prejudice to [the] defendant'" (Wells Fargo Bank, N.A. v Gewirtz, 204 AD3d at 1072, quoting Leader v Maroney, Ponzini & Spencer, 97 NY2d at 105-106). Contrary to the plaintiff's contention, it failed to demonstrate good cause to extend the time to serve Singer (see id.; Citibank, N.A. v Martinez, 197 AD3d 1086, 1087). Nor did it show that an extension of time to serve was warranted in the interest of justice (see Wells Fargo Bank, N.A. v Gewirtz, 204 AD3d at 1072; Citibank, N.A. v Martinez, 197 AD3d at 1087).
Accordingly, the Supreme Court providently exercised its discretion in denying the plaintiff's motion to vacate the August 2012 dismissal order and to restore the action to the calendar and the plaintiff's motion to extend the time to serve Singer with the summons and complaint.
DUFFY, J.P., CONNOLLY, WOOTEN and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court