JPMorgan Chase Bank, N.A. v Malik (2025 NY Slip Op 03053)

JPMorgan Chase Bank, N.A. v Malik

2025 NY Slip Op 03053

Decided on May 21, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 21, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
PAUL WOOTEN
LAURENCE L. LOVE
PHILLIP HOM, JJ.

2021-08654
 (Index No. 26278/09)

[*1]JPMorgan Chase Bank, National Association, appellant,
v
Anjum M. Malik, respondent, et al., defendants.

Polsinelli P.C., New York, NY (Robert H. King of counsel), for appellant.

DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Suffolk County (William G. Ford, J.), dated May 2, 2019. The order denied the plaintiff's motion pursuant to CPLR 306-b to extend the time to serve the summons and complaint upon the defendant Anjum M. Malik and granted that branch of that defendant's cross-motion which was pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against him.
ORDERED that the order is affirmed, without costs or disbursements.
In July 2009, the plaintiff commenced this action against, among others, the defendant Anjum M. Malik (hereinafter the defendant), to foreclose a mortgage encumbering certain real property located in Port Jefferson Station. The defendant failed to appear or answer the complaint. In an order dated October 21, 2010, the Supreme Court granted the plaintiff's motion, inter alia, for leave to enter a default judgment against the defendant and for an order of reference (hereinafter the October 2010 order). In October 2015, the plaintiff moved, among other things, for a judgment of foreclosure and sale. In May 2016, the defendant cross-moved, inter alia, pursuant to CPLR 5015(a)(4) to vacate so much of the October 2010 order as granted those branches of the plaintiff's motion which were for leave to enter a default judgment against him and for an order of reference and thereupon, pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against him for lack of personal jurisdiction. By order dated May 9, 2018, the court, among other things, vacated so much of the October 2010 order as granted those branches of the plaintiff's motion which were for leave to enter a default judgment against the defendant and for an order of reference and referred the matter for a hearing to determine the validity of service of process upon the defendant.
In November 2018, prior to the hearing, the plaintiff moved pursuant to CPLR 306-b to extend the time to serve the summons and complaint upon the defendant. In an order dated May 2, 2019, the Supreme Court denied the plaintiff's motion and granted that branch of the defendant's cross-motion which was pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against him. The plaintiff appeals.
"Generally, service of a summons and complaint must be made within 120 days after the commencement of the action" (HSBC Bank USA, N.A. v Labin, 232 AD3d 861, 862; see Hall v L & A Operational, LLC, 228 AD3d 846, 846). "Pursuant to CPLR 306-b, a court may, in the exercise of discretion, grant an extension of time within which to effect service for good cause shown or in the interest of justice" (Wells Fargo Bank, N.A. v Fameux, 201 AD3d 1012, 1013; see [*2]PNC Bank, N.A. v Sarfaty, 225 AD3d 721, 722). "'Good cause' and 'interest of justice' are two separate and independent statutory standards" (HSBC Bank USA, N.A. v Labin, 232 AD3d at 862-863, quoting US Bank N.A. v Fink, 206 AD3d 858, 860; see LaSalle Bank, NA v Ferrari, 210 AD3d 976, 977).
Contrary to the plaintiff's contention, it failed to demonstrate good cause to extend the time to serve the summons and complaint upon the defendant. "To establish good cause, a plaintiff must demonstrate reasonable diligence in attempting service" (Gooden v New York City Health & Hosps. Corp., 216 AD3d 1143, 1145 [internal quotation marks omitted]; see Duckett v Stringer, 231 AD3d 1122, 1123). Here, the plaintiff failed to establish reasonable diligence in attempting to effect service, as it was unable to produce the process server to testify at the hearing or produce other evidence to show that service was proper (see LaSalle Bank, NA v Ferrari, 210 AD3d at 977; Wells Fargo Bank, N.A. v Kaul, 180 AD3d 956, 958).
"If good cause for an extension is not established, the court must consider the broader interest of justice standard of CPLR 306-b" (HSBC Bank USA, N.A. v Labin, 323 AD3d at 863 [internal quotation marks omitted]; see Wells Fargo Bank, N.A. v Ciafone, 188 AD3d 957, 958). This standard is more flexible and "accommodates late service that might be due to mistake, confusion, or oversight, so long as there is no prejudice to the defendant" (U.S. Bank N.A. v Bindra, 217 AD3d 719, 720). In considering this standard, the court may consider diligence, or lack thereof, along with other factors, including the "expiration of the [s]tatute of [l]imitations, the meritorious nature of the cause of action, the length of delay in service, the promptness of a plaintiff's request for the extension of time, and prejudice to the defendant" (Marrano v Holtsville Fire Dist., 210 AD3d 754, 756 [internal quotation marks omitted]; see Wells Fargo Bank, N.A. v Fameux, 201 AD3d at 1014).
Here, the plaintiff was put on notice that service upon the defendant allegedly was defective in May 2016, when the defendant cross-moved, inter alia, to dismiss the complaint insofar as asserted against him (see HSBC Bank USA, N.A. v Labin, 232 AD3d at 864). The plaintiff then waited nearly 2½ years, until the eve of the hearing to determine the validity of service of process, which had been adjourned numerous times, to move to extend the time to serve the summons and complaint upon the defendant (see id.; LaSalle Bank, NA v Ferrari, 210 AD3d at 978). Although the statute of limitations expired by the time the plaintiff moved to extend the time to serve the summons and complaint upon the defendant, the record demonstrates that the lengthy delay was attributable to the plaintiff's lack of diligence in prosecuting this action (see PROF-2013-M4 Legal Title Trust 2015-1 v Morales, 211 AD3d 866, 867; LaSalle Bank, NA v Ferrari, 210 AD3d at 978). Under these circumstances, the plaintiff failed to demonstrate that an extension of time to serve the defendant was warranted in the interest of justice (see Leader v Maroney, Ponzini & Spencer, 97 NY2d 95, 107; Wells Fargo Bank, NA v Barrella, 166 AD3d 711, 714).
The plaintiff's remaining contentions are either not properly before this Court or without merit.
BARROS, J.P., WOOTEN, LOVE and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court