Maza v J & N Dev., LLC (2025 NY Slip Op 04564)

Maza v J & N Dev., LLC

2025 NY Slip Op 04564

Decided on August 6, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 6, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LARA J. GENOVESI, J.P.
ROBERT J. MILLER
DEBORAH A. DOWLING
JAMES P. MCCORMACK, JJ.

2024-03245
 (Index No. 716170/17)

[*1]Washington Maza, respondent, 
vJ & N Development, LLC, appellant, et al., defendants.

McManus Ateshoglou Aiello & Apostolakos PLLC, New York, NY (Steven D. Ateshoglou of counsel), for appellant.
Pollock Cohen LLP, New York, NY (Andrea Nishi and Adam Pollock of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendant J & N Development, LLC, appeals from an order of the Supreme Court, Queens County (Marguerite A. Grays, J.), dated December 28, 2023. The order, insofar as appealed from, in effect, denied that branch of that defendant's motion which was pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against it, and granted the plaintiff's cross-motion pursuant to CPLR 306-b to extend the time to serve the summons and complaint upon that defendant.
ORDERED that the order is affirmed insofar as appealed from, with costs.
This action arose out of an incident at property owned by the defendant J & N Development, LLC (hereinafter J & N), wherein the plaintiff was injured while performing marble installation. The plaintiff commenced this action on November 20, 2017, against J & N and others, alleging, inter alia, violations of Labor Law §§ 200 and 241(6). The plaintiff attempted to serve J & N approximately one month later by delivering a copy of the summons and complaint to the address J & N had listed with the Secretary of State for service of process. The attempt was unsuccessful because J & N had listed its address incorrectly. The plaintiff successfully served J & N on May 7, 2018, via service on the Secretary of State, 168 days after the action had been commenced.
On March 1, 2023, a judgment was entered against J & N and another defendant upon their failure to answer the complaint. On May 3, 2023, J & N appeared in the action and moved, among other things, to vacate so much of the judgment as was against it and pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against it. The plaintiff opposed J & N's motion and cross-moved pursuant to CPLR 306-b to extend the time to serve the summons and complaint upon J & N. In an order dated December 28, 2023, the Supreme Court, inter alia, granted that branch of J & N's motion which was to vacate so much of the judgment as was against it, and granted the plaintiff's cross-motion. The court also, in effect, denied that branch of J & N's motion which was pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against it. J & N appeals.
Pursuant to CPLR 306-b, "service of a summons and complaint must be made within 120 days after the commencement of the action" (Wells Fargo Bank, N.A. v Fameux, 201 AD3d 1012, 1013; see CPLR 306-b). However, "'a court may, in the exercise of discretion, grant a motion for an extension of time to effect service for good cause shown or in the interest of justice'" (21st Mtge. Corp. v Akter, 234 AD3d 900, 901 [internal quotation marks omitted], quoting BAC Home Loans Servicing, L.P. v Tessler, 208 AD3d 619, 621; see CPLR 306-b). In order to establish good cause, "'a plaintiff must demonstrate reasonable diligence in attempting service'" (21st Mtge. Corp. v Akter, 234 AD3d at 901, quoting Wells Fargo Bank, N.A. v Fameux, 201 AD3d at 1014). In determining whether an extension is warranted in the interest of justice, "'the court may consider diligence, or lack thereof, along with any other relevant factor in making its determination, including expiration of the Statute of Limitations, the meritorious nature of the cause of action, the length of delay in service, the promptness of a plaintiff's request for the extension of time, and prejudice to defendant'" (Duckett v Stringer, 231 AD3d 1122, 1123, quoting Leader v Maroney, Ponzini & Spencer, 97 NY2d 95, 105-106). "The determination of whether to grant an extension of time in the interest of justice is within the discretion of the motion court" (Matter of Certified Collision Experts, Inc. v New York State Dept. of Motor Vehs., 232 AD3d 783, 784).
Here, contrary to J & N's contentions, the Supreme Court providently exercised its discretion in granting, in the interest of justice, the plaintiff's cross-motion pursuant to CPLR 306-b to extend the time to serve the summons and complaint upon J & N (see Bhatara v Kolaj, 222 AD3d 926, 930). The plaintiff established, among other things, that he promptly moved for an extension of time to serve the summons and complaint after J & N challenged service on the ground that it was untimely, that the statute of limitations had expired by the time the plaintiff filed the cross-motion, and that the length of the delay was not "'particularly egregious'" (id. at 931, quoting U.S. Bank N.A. v Bindra, 217 AD3d 719, 721; see Wells Fargo Bank, N.A. v Ciafone, 188 AD3d 957, 959; see generally Town House St., LLC v New Fellowship Full Gospel Baptist Church, Inc., 29 AD3d 893, 894). In addition, the plaintiff established that he had potentially meritorious causes of action (see Hall v L & A Operational, LLC, 228 AD3d 846, 847; Rivera v Michaelsen, 225 AD3d 639, 641). Accordingly, the court providently exercised its discretion in granting the plaintiff's cross-motion pursuant to CPLR 306-b to extend the time to serve the summons and complaint upon J & N, and properly, in effect, denied that branch of J & N's motion which was pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against it (see Sams Distribs., LLC v Friedman, 235 AD3d 1021).
The parties' remaining contentions either need not be reached in light of our determination or are without merit.
GENOVESI, J.P., MILLER, DOWLING and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court